51231. BARTON et al. v. SCOTT HUDGENS REALTY
& MORTGAGE, INC.

ARGUED SEPTEMBER 29, 1975 — DECIDED NOVEMBER 14, 1975.

*Raiford, Hills, Billington & McKeithen, Richard A. Hills, Jr.,* for appellants.

*Jones, Bird & Howell, Arthur Howell, III,* for appellee.

DEEN, Presiding Judge.

Appellee relies upon *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108), wherein it was held that under our Uniform Commercial Code when execution of a promissory note is admitted but an affirmative defense is not raised, judgment on the pleadings in favor of the holder is proper. While it is true that Code Ann. § 109A-3—307 (2) provides for such a

circumstance, what the appellee (and also the appellants) overlooked is that the provisions of Code Ann. Ch. 109A-3 apply only to negotiable instruments and the "promissory note" here in issue does not so qualify. This "promissory note" by its terms was made payable "upon evidence of an acceptable permanent loan . . . and upon acceptance of the [loan] commitment;" however under Code Ann. § 109A-3—104 (1)(c) a negotiable instrument must "be payable on demand or at a definite time." The "note" here was not payable on demand under the language of § 109A-3—108 and under § 109A-3—109 (2) "[a]n instrument which by its terms is otherwise payable only upon an act or event uncertain as to time of occurrence is not payable at a definite time even though the act or event has occurred." The language of the "promissory note" therefore reveals that it was not payable on demand or at a definite time, was therefore not negotiable, is not subject to Code Ann. § 109A-3—307 (2) and thus the *Freezamatic Corp.* case is not controlling authority. See *Geiger Finance Co. v. Graham,* 123 Ga. App. 771 (182 SE2d 521).

The "promissory note" is rather a contract to pay money when certain contingencies are satisfied — "upon evidence of an acceptable permanent loan . . . and upon acceptance of the [loan] commitment." There is no dispute that the loan commitment was accepted by the appellants. Appellee contends that this commitment itself, without more, wherein one of its investors agreed to make the loan in the desired amount, satisfied the requirement of evidence of an acceptable permanent loan. Appellant, apparently relying on the fact that the loan was never finally consummated, denies that "an acceptable permanent loan was obtained." Thus the controversy between the parties turns upon the construction of the contract language making the amount due and payable "upon evidence of an acceptable permanent loan."

Under Code Ann. § 20-704 (4) the whole contract should be looked to in arriving at the construction of any part. The contract provides specifically that it is for a loan origination fee; there is nothing which requires as a prerequisite to recovery evidence that the loan in fact be accepted. All that is required is that there be *"evidence* of an acceptable permanent loan." (Emphasis supplied.) The

record reveals that by their signatures, the appellants signified their *"acceptance* of the terms and conditions" of the loan commitment. (Emphasis supplied.) We agree with the appellee's construction of the document, that the loan commitment is evidence of a permanent loan in the desired amount and that the admission by the appellants of its execution acknowledges its acceptability and further supplies the necessary requirement for recovery under the contract. In short, the appellants contracted for the procurement of a loan and the signed loan commitment is "evidence of an acceptable permanent loan." The broker having successfully originated a loan, its fee was earned and the appellants were bound by their contract.

We are well aware that judgment on the pleadings is a drastic procedure but the opposing party cannot defeat its use by merely alleging that an issue of fact exists. Duhame v. United States, 119 FSupp. 192 (U. S. Ct. of Claims 1954). "Judgment on the pleadings may be granted only if, *on the facts so admitted,* the moving party is clearly entitled to judgment." 2A Moore's Fed. Practice, § 12.15, p. 2343. (Emphasis supplied.) Here appellants' admission of execution of a loan commitment and the undisputed facts appearing in all the pleadings reveal that there was no issue of fact and that judgment on the pleadings was proper.

*Judgment affirmed. Evans and Stolz, JJ., concur.*