## 52804. BILLAS et al. v. DWYER.

McMURRAY, Judge.

This is a suit on a note. Plaintiff received the note in question from the defendants as partial compensation for his services as broker in the sale of a restaurant. Defendants were part owners of the restaurant prior to the sale. Rothschild Investments, Ltd. and another individual were the purchasers.

The note was dishonored, and plaintiff filed this suit. Defendants appeal from the judgment for plaintiff rendered after a bench trial.

1. Defendants contend that plaintiff's attempt to assign a one-half interest in the note in question to Rothschild was effective. Defendants seek to set off an indebtedness of Rothschild to them in the amount of $200,000. The purported transfer and assignment was by a document dated August 24, 1973, which recited as consideration $10 and a promissory note executed and delivered by Rothschild to plaintiff.

The evidence shows the document of August 24, 1973, had never been attached to the note sued on, therefore, it does not serve as an effective endorsement of the note. Code Ann. § 109A-3—202 (2) (Ga. L. 1962, pp. 156, 248). Since the note was not issued or endorsed to Rothschild, it is not a holder of the note. Code Ann. § 109A-1—201 (20) (Ga. L. 1962, pp. 156, 161). Not being a holder, Rothschild cannot possibly be a holder in due course, and the assignment of the note is therefore subject to the defense of failure of consideration. Code Ann. § 109A-3—408 (Ga. L. 1962, pp. 156, 260).

The evidence shows the note of Rothschild to plaintiff

was not paid according to its terms, and Rothschild has gone into bankruptcy, not listing the assignment of same as an asset or the note as a liability. This constitutes evidence of failure of consideration as to the transfer of an interest in the note in question to Rothschild. *A. D. L. Sales Co. v. Gailey,* 48 Ga. App. 798 (7) (173 SE 734); *Hall v. Southern Sales Co.,* 81 Ga. App. 392, 393 (2) (58 SE2d 925).

2. Defendants' second and third enumerations being predicated on the supposition that the court erred in finding that the transfer was not effective, need not be discussed.

3. Defendants contend that the note sued upon was void because of a possible exercise of an option to repurchase the restaurant as referred to in said note, which repurchase was made impossible by the bankruptcy of the optionee. Thus the note was not made void by exercise of any option. The note adopted by reference a letter which provided for the cancellation of the note upon the repurchase by defendants of an interest in the restaurant within a year from the date of sale. Defendants did not repurchase an interest in the restaurant within a year after the sale. Evidence that defendants' option to purchase such an interest was extended is of no avail as the letter included by reference referred to a one-year period as opposed to the life of defendants' option which had been extended.

4. Defendants argue that this suit should have been dismissed because at the time of the filing of the suit and until the day of the trial plaintiff was not the real party in interest. Prior to the filing of this suit plaintiff had assigned the note to a bank which retained possession of the note until the day of the trial, at which time the note was reassigned to plaintiff. Under CPA § 17 (Code Ann. § 81A-117 (a); Ga. L. 1968, pp. 1104, 1107), no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification, or commencement of the action by, or joinder, or substitution of, the real party in interest. The transfer of the note back to plaintiff being in effect a ratification by the bank, there was no error in refusing to dismiss the action. Code Ann. §

81A-117, supra; *Smith v. Singleton,* 124 Ga. App. 394 (3) (184 SE2d 26).

5. Defendants also appeal generally, contending that the findings and judgment of the trial court were contrary to law, contrary to the evidence and strongly against the weight of the evidence. This enumeration of error is without merit as an examination of the record reveals that although there was conflicting testimony, the findings of the court were amply supported by the evidence and reflect no errors of law.

6. Although this appeal is not meritorious, neither is it frivolous within the meaning of Code Ann. § 6-1002 (Ga. L. 1965, pp. 18, 22) or Code 6-1801. Therefore, plaintiff's request that cost, interest and damages for delay be assessed against defendants is denied. *Moore & Jester v. Smith Mach. Co.,* 4 Ga. App. 151, 154 (5) (60 SE 1035); *Security Mgt. Co. v. King,* 132 Ga. App. 618, 621 (208 SE2d 576); *American Finance Co. v. First Nat. Bank,* 135 Ga. App. 24 (4) (217 SE2d 364); *Brown v. Rooks,* 139 Ga. App. 770 (1).

*Judgment affirmed. Quillian, P.J., and Marshall, J., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 12, 1976 — REHEARING DENIED DECEMBER 15, 1976 —

*Driebe & Lawson, Charles J. Driebe,* for appellants.
*Nall, Miller & Cadenhead, James W. Dorsey,* for appellee.

