58249. HENRY et al. v. COBB BANK & TRUST COMPANY.

SHULMAN, Judge.

Defendants-appellants executed a promissory note, denominated a "Non-Negotiable Promissory Note" to James L. Bentley (not a party to this suit), payable in yearly installments or upon demand for failure to pay any installment, time being of the essence. Bentley transferred and assigned the note to the plaintiff-appellee Cobb Bank & Trust Company. Upon defendants' failure to timely pay the second installment on the note, plaintiff notified defendants of its election to declare the entire unpaid balance due and owing. Plaintiff subsequently brought this action to recover the amount of debt

outstanding (principal and interest) plus attorney fees. From a grant of summary judgment in favor of the plaintiff, defendants appeal. We reverse.

The promissory note at issue states on its face that it is "non-negotiable." Although it may contain the same language used in a negotiable instrument, rules of construction which would otherwise be applied to determine the negotiability or non-negotiability of the note are irrelevant. Despite appellee's contentions to the contrary, it is non-negotiable, no ambiguity appearing. This being so, Code Ann. Ch. 109A-3 is inapplicable. See, e.g., *Tallahassee Bank & Trust Co. v. Raines,* 125 Ga. App. 263 (1) (187 SE2d 320); *Geiger Finance Co. v. Graham,* 123 Ga. App. 771 (182 SE2d 521); *Billas v. Dwyer,* 140 Ga. App. 774 (1) (232 SE2d 102).

Concomitantly, since the "status of 'holder in due course' applies only to the holder of a *negotiable instrument" (Geiger Finance Co.,* supra, p. 772), plaintiff as assignee or transferee of a non-negotiable promissory note took the note "subject to any defenses that could be asserted against the assignor." Id. p. 776. See also *Tallahassee Bank & Trust Co.,* supra, (1).

Appellee's reliance upon *Freezamatic Corp. v. Brigadier Ind. Corp.,* 125 Ga. App. 767 (189 SE2d 108) (wherein it was held that under our UCC when execution of a promissory note is admitted but an affirmative defense is not raised, judgment on the pleadings in favor of the holder is proper), is misplaced. "While it is true that Code Ann. § 109A-3—307 (2) provides for such a circumstance [judgment on the pleadings where the pleadings show the plaintiff is a holder in due course, execution is admitted, and an affirmative defense is not pled] what the appellee . . . overlooked is that the provisions of Code Ann. Ch. 109A-3 apply only to *negotiable* instruments and the 'promissory note' here in issue [as we have held above] does not so qualify." *Barton v. Scott Hudgens Realty &c., Inc.,* 136 Ga. App. 565, 566 (222 SE2d 126). (Emphasis supplied.) Since the court's judgment was based on the misassumption that plaintiff was the holder of a negotiable promissory note, the court improperly granted plaintiff's motion for summary judgment on the grounds that defendant failed to assert

an affirmative defense to plaintiff's recovery (pursuant to Code Ann. § 109A-3—307 (2)).

Since genuine issues of material fact remain as to the parties' intentions in making the note and the purpose for which it was delivered (e.g., the compliance with conditions precedent) (compare *Kelley v. Carson,* 120 Ga. App. 450 (1) (171 SE2d 150)), as well as issues of fact as to defendants' allegations of set-off, the judgment of the trial court, granting plaintiff's motion for summary judgment must be reversed.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED OCTOBER 12, 1979 —

*Fred A. Gilbert,* for appellants.
*Matthew H. Patton, Alfred S. Lurey, Hilary P. Jordan,* for appellee.