71601. WALKER et al. v. MODNAR CORPORATION.
(343 SE2d 148)

BANKE, Chief Judge.

Appellee Modnar Corporation (Modnar) leased seven minibuses to MTW Enterprises, Inc., (MTW) for a 48-month period. Appellants Pamela Li and Larry Walker, as corporate officers of MTW, personally guaranteed MTW's performance under each of the seven separate lease agreements covering the transactions. Based on purported arrearages in the lease payments, Modnar terminated the leases prior to

their expiration and subsequently brought this suit against MTW and the appellants to recover what would be tantamount to a deficiency judgment. MTW did not file responsive pleadings and consequently suffered a default judgment. The appellants, on the other hand, filed both an answer and a counterclaim, following which Modnar moved for summary judgment against them.

In support of its motion for summary judgment, Modnar submitted the affidavit of its president to the effect that the seven lease agreements together with an addendum constituted the entire contract between the parties. In opposition to the motion, the appellants submitted affidavits averring that the transactions were actually intended to be secured sales rather than leases and further averring that they had never received notice of the terms of the resale of the vehicles after repossession, as required under the terms of the agreements. They also contested the amount of the claimed arrearages. This appeal follows the trial court's grant of summary judgment to Modnar. *Held*:

1. Assuming *arguendo* that the transactions constituted secured sales rather than true leases and were therefore governed by the provisions of the Georgia Uniform Commercial Code dealing with the disposition of collateral (OCGA § 11-9-504) and the debtor's right of redemption after default (OCGA § 11-9-506), it does not follow that any additional rights thereby accrued to MTW over and above those specified in the agreements. Pursuant to OCGA § 11-9-501 (3), the parties to a secured sale may by agreement determine the standards by which the fulfillment of their rights and duties with respect to the disposition of the collateral upon default are to be measured "if such standards are not manifestly unreasonable." The agreements at issue in this case required Modnar to provide MTW with notice of the highest cash wholesale offer received for each vehicle following repossession and thereafter to permit MTW either to agree to such offer or to conduct its own sale of the vehicle in order to determine its termination value. These contractual provisions are not "manifestly unreasonable" and consequently it is unnecessary to look beyond them to determine the rights and duties of the parties in this case. However, because Modnar presented no evidence whatever to refute the appellants' averments that the required notice was not given following the repossession of the vehicles, a genuine issue of material fact exists with respect to the appellants' liability in this case.

2. Modnar contends that, pursuant to this court's holding in *Freezamatic Corp. v. Brigadier Ind. Corp.*, 125 Ga. App. 767 (189 SE2d 108) (1972), the appellants had the burden, on motion for summary judgment, of proving the existence of any affirmative defenses, once their signatures on the documents were established.

*Freezamatic* involved a suit on two promissory notes, and the

holding therein was based on the application of OCGA § 11-3-307, which applies only to negotiable instruments. See *Henry v. Cobb Bank & Trust Co.*, 151 Ga. App. 725 (261 SE2d 459) (1979), reversed on other grounds, *Cobb Bank & Trust Co. v. Henry*, 246 Ga. 225 (271 SE2d 444) (1980); *Barton v. Scott Hudgens Realty & Mtg.*, 136 Ga. App. 565 (222 SE2d 126) (1975). The lease and guaranty agreements at issue in the present case clearly do not qualify as negotiable instruments, and the default judgment rendered against MTW clearly does not preclude the appellants, as sureties, from contesting the amount of the alleged deficiency or raising any other defenses which are not personal to MTW. See *Escambia Chem. Corp. v. Rocker*, 124 Ga. App. 434 (2) (184 SE2d 31) (1971). As Modnar presented no evidence to overcome the denials and affirmative defenses set forth in the appellants' defensive pleadings, it follows that the trial court erred in granting Modnar's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 20, 1986.

*Abraham A. Sharony*, for appellants.
*Michael S. Rosenthal*, for appellee.