74921. GARRISON v. DEPARTMENT OF HUMAN RESOURCES.
(361 SE2d 860)

McMurray, Presiding Judge.

This is an action on an account. Plaintiff State of Georgia, Department of Human Resources seeks to recover a sum allegedly due from defendant Garrison under the provisions of "The Patient Cost of Care Act," OCGA § 37-9-1 et seq. Defendant appeals from the grant of summary judgment in favor of plaintiff. *Held*:

1. Defendant contends the superior court improperly excluded his affidavit filed in opposition to plaintiff's motion for summary judgment. However, any exclusion of defendant's affidavit is not shown on the face of the record and the superior court's order states that its order was entered after consideration of the "entire record." We cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court. *Howard v. Estate of Howard*, 176 Ga. App. 86, 88 (335 SE2d 171). Therefore, we conclude on the basis of the record before this court, that there is no showing that the court failed to consider defendant's affidavit. This enumeration of error is without merit.

2. Defendant contends that the superior court erred in granting plaintiff's motion for summary judgment as issues of material fact remain for resolution by a jury. OCGA § 37-9-5 (a) requires notice and

opportunity for a hearing concerning assessments under "The Patient Cost of Care Act." In his affidavit defendant states that, "I was definitely not advised of any potential liability under the Patient Cost Care Act [sic], nor was I advised regarding my right to a hearing under that Act. Additionally, I was never told of any hearing regarding the assessment that they wanted to make against me." Thus, this portion of defendant's affidavit which contradicts plaintiff's evidence on this point creates a genuine issue of material fact as to whether defendant was properly assessed the sum at issue. As the conflicting affidavits present a question of credibility as to a material issue, the grant of plaintiff's motion for summary judgment was error. *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 205 (2) (345 SE2d 904); *Walker v. Modnar Corp.*, 178 Ga. App. 374, 376 (2) (343 SE2d 148).

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED OCTOBER 5, 1987.

*James J. McGinnis*, for appellant.
*Christine C. Daniel, Michael J. Bowers, Attorney General, David C. Will, Assistant Attorney General*, for appellee.