A91A1362. CROLLEY et al. v. HAYGOOD CONTRACTING, INC.
(411 SE2d 907)

SOGNIER, Chief Judge.

Haygood Contracting, Inc. filed suit against Cherokee Falls Investments, Inc. (CFI) and William L. Crolley to recover amounts allegedly owed on a construction contract. CFI answered and filed a counterclaim arising from another construction contract, and Crolley filed an answer denying individual liability. The trial court granted partial summary judgment against Crolley and CFI, and they appeal.

This dispute arises from a contract executed on July 6, 1989 for paving work to be performed by appellee at Chota Hills Subdivision in Cherokee County. The contract comprises a standardized form prepared by appellee with the owner's name, scope of work, and contract price typed in blank spaces on the form. The name "Chota Hills Subdivision" appears in the blank spaces designated for "proposal submitted to" and "job name." The contract was signed by appellant Crolley with no indication of corporate office or title. Appellant CFI's name does not appear on the form. Crolley testified by deposition

that he is a majority stockholder and director of CFI, a corporation engaged in the business of buying and selling real estate, and that Chota Hills Subdivision is a residential subdivision owned by CFI. He deposed that he executed the contract at issue on behalf of CFI. Conversely, Scott Coile, appellee's superintendent, deposed that he understood appellee was dealing with Crolley personally.

The contract form specified a price of $29,345 for the work. In October 1989, Crolley and Coile discussed the need for additional work to be performed because of poor soil conditions in some areas of the roadway. Coile testified that he prepared a handwritten estimate indicating that this work would cost $7,275, which Crolley admits initialling on October 6. On the copy of this document entered in the record, there appear below Crolley's initials additional notations delineating $500 for "equipment time" and $7,560 for "extra stone." Coile deposed that these notes were added by appellee's office staff after Crolley initialled the document.

After the parties became embroiled in a dispute over the quality of appellee's performance and the liability of appellants for the extra work, appellee filed this action to recover the contract price plus all amounts shown on the above-referenced document for additional work. The trial court granted partial summary judgment against both appellants for the original contract price, $29,345, plus $7,275 for extra work.

1. Appellants contend the trial court erred by awarding appellee $7,275 for extra work because the contract required a written change order and a fact question remains concerning appellants' authorization of this work and their waiver of the written change order requirement. This enumeration is without merit, as the handwritten proposal prepared by appellee's representative and initialled by appellant Crolley described the work to be performed and stated a sum certain for the performance of the work, and accordingly satisfied the contract change order requirement.

2. Appellants next maintain the grant of summary judgment to appellee on the contract claim was erroneous because it ignored CFI's pending counterclaim. We agree with appellants that the decision in *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872 (1) (264 SE2d 489) (1980) controls this issue, but we do not agree that *Mock* requires reversal of the summary judgment entered on a portion of appellee's complaint. The *Mock* court rejected the notion that summary judgment could not be entered in a case with a valid pending counterclaim, holding instead that the trial court may consider the motion for summary judgment on its merits, weigh the equities of the situation, and grant summary judgment to eliminate extraneous issues from the trial, and yet preserve the counterclaim plaintiff's rights by not issuing final judgment until the counterclaim is concluded. Id. at

878-879. Accordingly, we hold the trial court did not err by holding appellee was entitled to partial summary judgment. See *Shedd v. Goldsmith Chevrolet*, 178 Ga. App. 554, 556 (2) (343 SE2d 733) (1986).

3. Finally, appellant Crolley contends the trial court erred by finding him individually liable to appellee, arguing that a fact question remains concerning whether he executed the contract in his representative capacity. Both parties have cited cases decided under Article 3, Section 3-403 of the Uniform Commercial Code (OCGA § 11-3-403). However, Article 3 applies only to negotiable instruments, *Barton v. Scott Hudgens Realty*, 136 Ga. App. 565, 566 (222 SE2d 126) (1975), and the contract at issue does not so qualify. The contract was not a negotiable instrument as defined in OCGA § 11-3-104 (1) because it was not "payable on demand or at a definite time," id. at (c), but was "payable only upon an act or event uncertain as to time of occurrence," OCGA § 11-3-109 (2) — i.e., when the work was performed. See *Barton*, supra. Accordingly, we must apply general common law principles rather than the UCC.

Appellant Crolley contends that "Chota Hills Subdivision" is a trade name of CFI, and thus the presence of this CFI trade name on the face of the contract created a fact question concerning whether the principal, CFI, was disclosed to appellee. " 'Where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it' . . . . [Cits.]" *Brown-Wright &c. Corp. v. Bagen*, 112 Ga. App. 300, 302 (145 SE2d 294) (1965). Whether the "fact of the agency and identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence. [Cit.]" *Fletcher Emerson &c. Co. v. Davis*, 134 Ga. App. 699, 700-701 (1) (215 SE2d 725) (1975). On motion for summary judgment, appellee, the movant, had the burden of proving its "lack of knowledge that [Crolley] was acting as an agent [for CFI]." Id. at 701 (3).

While the fact that a trade name was used is a factor to be considered on the issue of disclosure of agency, id. at 701 (1), " '[t]he disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal[, and] the use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability.' [Cits.]" *Brown-Wright*, supra. "A trade name is merely a name assumed or used by a person recognized as a legal entity. [Cits.] A judgment against one in an assumed or trade name is a judgment against him as an individual. [Cits.] 'An undertaking by an individual in a fictitious or trade name is the obligation of the individual.' [Cit.]" *Samples v. Ga. Mut. Ins. Co.*, 110 Ga. App. 297, 299 (138 SE2d 463) (1964).

We agree with appellee that the contract at issue was not made under any circumstances that would give rise to a fact question concerning disclosure to appellee of an agency relationship between Crolley and CFI. There is nothing on the face of the contract to suggest that "Chota Hills Subdivision" was a trade name used by CFI rather than by Crolley, the person who signed the contract. Compare *Fletcher Emerson*, supra (summary judgment for plaintiff not authorized where wording of trade name suggested representative capacity and there was circumstantial evidence of disclosure of principal). Similarly, there is no evidence the alleged trade name at issue was registered by CFI under OCGA § 10-1-490 so as to put appellee on notice of the usage of the name. Since the contract contains neither the name of CFI, the alleged corporate principal, nor any misnomer from which the existence of the corporate principal could be inferred, and the words "Chota Hills Subdivision" do not import the name of any legal or artificial person, it is obvious from the contract itself that the obligation was assumed by Crolley, the person signing the contract in the trade name, and that a person seeing the contract would be put on notice of Crolley's interest therein but would have no notice of CFI's interest. Accord *National Cash Register Co. v. Sikes*, 94 Ga. App. 391, 393 (94 SE2d 782) (1956) (where trade name on document did not import name of any individual or artificial entity, instrument held to be made in individual capacity); compare *Hawkins v. Turner*, 166 Ga. App. 50 (1) (303 SE2d 164) (1983) (use of misnomer of a corporation, not a fictitious or trade name, raised fact question as to individual liability). Although Crolley deposed that he executed the contract on behalf of CFI, unlike the agent in *Fletcher Emerson*, supra at 701 (2), Crolley proffered no evidence that he informed appellee of this agency relationship or that he provided to appellee any information from which such agency could be inferred. Accordingly, we hold appellee met its burden of proving its lack of knowledge that Crolley was acting as an agent for CFI.

Nonetheless, we agree with Crolley that the entry of judgment against both him and CFI is impermissible. "[O]ne who deals with an agent who fails to disclose his principal 'may recover from the agent, where he so elects, or he may proceed against the principal, when made known, should he not elect to proceed against the agent.' [Cits.]" *Brown-Wright*, supra at 302. Since CFI has admitted it was the principal and has conceded liability under the contract, appellee must make an election between Crolley and CFI. Accordingly, we vacate the judgment with direction that the trial court enter partial summary judgment against one of the appellants at the election of appellee.

*Judgment affirmed in part; vacated and case remanded with direction. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 31, 1991.

*Bovis, Kyle & Burch, C. Sam Thomas*, for appellants.
*Roach, Hasty & Geiger, Thomas A. Roach, Jr., William G. Hasty, Jr.*, for appellee.