A92A2419. CROLLEY v. HAYGOOD CONTRACTING, INC.
(429 SE2d 93)

BEASLEY, Judge.

Haygood Contracting, Inc. sued Cherokee Falls Investments, Inc. (CFI) and William Crolley for sums allegedly owed on a construction contract. Partial summary judgment was granted to Haygood against both Crolley and CFI. In *Crolley v. Haygood Contracting,* 201 Ga. App. 700 (411 SE2d 907) (1991) (*Crolley I*), Haygood's right to partial summary judgment was affirmed, but not against both defendants. The judgment was vacated and the case was remanded with direction that partial summary judgment be entered against whichever defendant Haygood elected. He chose Crolley, and the trial court entered an order directing the entry of final judgment against Crolley, expressly determining that there was no just reason for delay. The order also awarded interest on the judgment from January 2, 1991. Crolley enumerates as error both the entry of final judgment against him and

the award of interest.

1. Crolley contends it was error for the trial court to enter a final judgment subject to execution because a pending counterclaim remained for trial, citing *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872 (264 SE2d 489) (1980). *Mock* held that it is not error to grant partial summary judgment for the purpose of narrowing the issues for trial despite the pendency of an unresolved counterclaim, but that final judgment may not be entered until disposition of the counterclaim. Id. at 878-879; see *Crolley I* at 701-702 (2). The rationale is that if the counterclaimant is awarded judgment on the counterclaim, that judgment may be set off against the judgment in the main case. Delaying enforcement of the judgment on the main claim has " 'the beneficial, economical and overall just effect of dispensing with the requirement that [the plaintiff] again demonstrate (its) right to summary judgment on the [main claim], while protecting [the counterclaimant] from enforcement of a money judgment until such time as the merits of its counterclaim may be established.' [Cit.]" *Mock*, supra at 879.

Haygood's election to seek judgment against Crolley rather than CFI renders this case distinguishable factually from *Mock* and *Crolley I*, because Crolley is not the counterclaimant here. *Mock* indicates that the defendants in that case filed a joint answer and counterclaim, whereas here the only counterclaim was filed by CFI. Future resolution of the counterclaim will have no effect on a judgment against Crolley. The rule in *Mock* does not apply here.

We find no merit in Crolley's argument that he should be entitled to "use" CFI's counterclaim because he is an officer and director of CFI. " 'An inherent purpose of incorporation is insulation from liability. A corporation possesses a legal existence separate and apart from that of its officers and shareholders so that the operation of a corporate business does not render officers and shareholders personally liable for corporate acts. (Cit.)' [Cit.]" *Commonwealth Fin. Corp. v. Sherrill*, 197 Ga. App. 403 (1) (398 SE2d 438) (1990). Nothing in the record suggests that the corporate form was disregarded, and Crolley's individual liability, as determined in *Crolley I*, was premised upon agency principles rather than on piercing the corporate veil. *Crolley I*, supra at 702-703 (3). Since it is undisputed that Crolley and CFI are separate and distinct entities, and Crolley filed no counterclaim, the trial court properly entered final judgment against him on remand.

2. Crolley challenges the award of postjudgment interest from January 2, 1991, because no judgment was entered until the entry of the final judgment against him on remand, which occurred in May 1992. His argument has two components: that the first partial summary judgment was not a "judgment" within the meaning of OCGA §

7-4-12; and that it was not "entered."

(a) OCGA § 9-11-54 (a) defines the term "judgment" as including "a decree and any order from which an appeal lies." Given the specific provision for appeal in OCGA § 9-11-56 (h), it is clear that this includes an order for partial summary judgment.

(b) OCGA § 7-4-12 provides for interest on all "judgments." OCGA § 9-11-58 (b) states: "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same. . . ." Entry on the docket of the clerk of court is not necessary for entry of judgment. See *Storch v. Hayes Microcomputer Products*, 181 Ga. App. 627 (353 SE2d 350) (1987). Contrary to Crolley's argument, the original summary judgment was "entered," albeit on January 7, 1991, the date of filing, rather than on January 2, 1991, the date of signing. Nevertheless, we agree with Crolley that the award of postjudgment interest from the date of entry of the original partial summary judgment was erroneous, for a different reason.

Although the original grant of partial summary judgment would have supported postjudgment interest, in *Crolley I* this court *vacated* that judgment. "Vacate" means "[t]o annul; to set aside; to cancel or rescind; to render an act void; as, to vacate an entry of record, or a judgment." Black's Law Dictionary (4th ed., rev., 1968). Thus, rather than changing nothing other than "dismissing" the judgment against CFI, as argued by Haygood, our decision in *Crolley I* totally nullified the original grant of summary judgment, eliminating as well any "judgment" on which postjudgment interest could be awarded. The only judgment now existing is the judgment entered on May 11, 1992, which automatically bears interest from that date. OCGA § 7-4-12.

Accordingly, that portion of the judgment entitling Haygood to postjudgment interest from January 2, 1991 must be reversed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1993.

*Bovis, Kyle & Burch, C. Sam Thomas, Timothy J. Burson*, for appellant.

*Roach, Hasty & Geiger, Thomas A. Roach*, for appellee.