## A05A1126. HARDIN v. HARDIN.
### (618 SE2d 169)

MILLER, Judge.

Following our grant of her application for discretionary appeal, Rita Hardin appeals the trial court's order granting Douglas Andrew Hardin's petition for modification of custody of their two children. She claims that the trial court erred in (i) modifying custody on the basis of her move out of state in order to accept employment and in (ii) denying her motion for a new trial or for reconsideration. We discern no error and affirm.

Rita and Douglas Hardin are the parents of S. A. H., born in 1997, and J. L. H., born in 1999. Their August 2001 divorce decree provided that Rita and Douglas shared joint legal and physical custody of the children, with Rita having primary physical custody during the school year. Approximately a year and a half following the divorce decree, Rita announced her intention to move to Minnesota to pursue a job opportunity. The proposed relocation gave rise to petitions by Rita and Douglas to modify custody. In response to the petitions, the trial court entered a temporary order providing that if either parent moved outside the Atlanta area then the moving parent would become the secondary custodian. In light of the temporary order, Rita decided not to move to Minnesota and continued to look for work in the Atlanta area.

On July 2, 2003, the trial court entered its final order in the custody modification proceeding. The final order did not include the automatic change of custody provision which had been in the temporary order,[1] but required that should either parent change residence, he or she must notify the other parent at least 60 days before the anticipated change of residence.

In August 2003, Rita accepted an offer for employment in Nashville, Tennessee. On August 29, 2003, she informed Douglas of the move. Rita moved into her new residence on September 17, 2003, and S. A. H. started school two days later. On September 26, 2003, Douglas filed a petition for modification of custody. The trial court subsequently held Rita in contempt of court for violating the final custody order's 60-day notice provision.

Following a hearing, the trial court entered a June 2, 2004 order transferring primary physical custody of the children during the school year to Douglas and primary physical custody of the children during the summer to Rita. Rita then moved for reconsideration of the

---

[1] The modification was apparently made to conform to *Scott v. Scott*, 276 Ga. 372 (578 SE2d 876) (2003), which found any self-effectuating change of custody provision "that fails to give paramount import to the child's best interests in a change of custody" violated public policy. Id. at 375.

2004 custody order in light of her move back to Atlanta. The trial court reconsidered its order, but only to provide for Rita's visitation schedule while both parents resided in the Atlanta area.

1. Rita claims that the trial court erred in modifying custody based on her move to Nashville. We disagree.

Generally, "[a] trial court is authorized to modify an original custody award upon a showing of new and material changes in the conditions and circumstances substantially affecting the interest and welfare of the child." (Citations and punctuation omitted.) *Todd v. Casciano*, 256 Ga. App. 631, 632 (1) (569 SE2d 566) (2002). "When exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test. This means that an initial custodial award will not always control after any 'new and material change in circumstances that affects the child' is considered." (Citation omitted.) *Bodne v. Bodne*, 277 Ga. 445, 446 (588 SE2d 728) (2003).

Rita argues that the trial court abused its discretion here because she could not find suitable employment in the Atlanta area, and that the trial court's order disregards the connection between her financial security and the children's welfare. She points out that our Supreme Court has recognized that relocation may sometimes be in a child's best interest. "There are situations, such as . . . the relocation of residence to a superior school district or a safer neighborhood, where the change in circumstances clearly would promote the child's best interests and welfare." *Scott*, supra, 276 Ga. at 376. She contends that, in this case, by moving to secure better employment she could significantly increase her income, and the resulting financial security was in her children's best interests.

Even if we accept Rita's argument that she could only find suitable employment outside the Atlanta area and that her increase in income was beneficial to her children, it does not show that the trial court abused its discretion in modifying the custody order. The trial court acknowledged that Rita moved in order to better herself and her family financially. However, the trial court also found that Rita's move to Nashville interfered with consistent contact between the children and their father and other family members in the Atlanta area, and that those associations in the Atlanta area had benefitted the children. The trial court further found that the children had experienced difficulties in school in Nashville, including a consistent pattern of tardiness, and that S. A. H. was having academic problems. Evidence supports the trial court's conclusions.

Since the trial court made its determination based on the best interests of the children, after appropriate consideration of the "myriad factors that had an impact on the children as established by the evidence adduced before it," *Bodne*, supra, 277 Ga. at 447, the

trial court did not abuse its discretion in modifying custody to grant Douglas primary physical custody of the children during the school year.

2. Rita further claims that the trial court erred in failing to properly reconsider its modification order after she returned to Atlanta. We disagree.

Rita filed her motion to reconsider approximately two weeks after the trial court issued its modification order. Based on the request, the trial court issued its order granting the motion only to provide for a visitation schedule that was operable so long as both parents were residing in the Atlanta area. Since the court order was in effect and the trial court had not otherwise relinquished jurisdiction of the matter, it was in the power of the Juvenile Court of Gwinnett County, acting as the trial court, to change, modify, or vacate its order "on the ground that changed circumstances so require in the best interest of the child." OCGA § 15-11-40 (b); see *In the Interest of B. S. H.*, 236 Ga. App. 879, 882 (514 SE2d 70) (1999) (OCGA § 15-11-40 provides the vehicle for correction of juvenile court orders).

In its order on the motion for reconsideration, the trial court found that Rita had relocated to the Atlanta area. Rita contends that because she removed the material change in circumstances upon which the trial court relied in its original modification order that the trial court abused its discretion by adhering to its decision to modify custody. We disagree.

The problems identified by the trial court concerning the children's tardiness and performance in school would not be automatically corrected by Rita's return to Atlanta. Furthermore, the trial court did not find that the move to Nashville was in itself harmful to the children, but that the move interfered with the children's family associations in Atlanta. While Rita's relocation to Atlanta would remove the impediment to these associations caused by distance, it does not change her previous actions in interfering with these relationships or change the fact that she violated a court order by moving the children without the required notification. Accordingly, we conclude the trial court did not abuse its discretion in considering the change in circumstances caused by Rita's relocation to the Atlanta area and in failing to restore to her primary physical custody of the children during the school year.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 21, 2005.

*Christopher J. McFadden*, for appellant.
*Douglas W. Auld*, for appellee.