A08A0438. IN THE INTEREST OF K. W. et al., children.
(662 SE2d 255)

MILLER, Judge.

On May 7 and August 20, 2003, the mother surrendered her parental rights to the children to facilitate their placement for adoption. Interested in such adoption, the children's foster parents intervened herein on January 27, 2004. On May 12, 2004, nunc pro tunc to February 24, 2004 (the "February 2004 order"), the juvenile

---

court found the mother's surrenders to be valid and entered its order terminating her parental rights. On December 2, 2005, after earlier granting the biological father's (the "father") petition to legitimate, the juvenile court entered a written order directing that permanent custody and control of the children be placed with the father and relieved the Department of Family and Children Services (the "Department") of further responsibility in this case.[1] On June 22, 2006, the mother filed her motion to set aside the February 2004 order and an extraordinary motion for new trial, alleging newly discovered evidence showing that she had surrendered her parental rights upon fraudulent representations of a Department employee. Following a hearing, the trial court granted such motion on May 15, 2007 (the "May 2007 order"), fully restoring the mother's parental rights in the children.

On appeal, the father contends that the trial court erred in setting aside its February 2004 order based upon (i) insufficient evidence pursuant to OCGA §§ 15-11-40 and 19-8-9 (b), respectively, (ii) lack of personal and subject matter jurisdiction, (iii) the mother's lack of standing, and (iv) the mother's surrender of parental rights as res judicata. Further, the father argues that the February 2004 order was untimely appealed, and, in any event, that it was erroneously entered upon an insufficient showing of newly discovered evidence. Discerning no error, we affirm.

We review a trial court's determination modifying custody based on the best interest of the child for abuse of discretion. *Hardin v. Hardin*, 274 Ga. App. 543, 544-545 (1) (618 SE2d 169) (2005). "When a question of law is at issue, . . . we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

1. The father contends that the juvenile court erred in setting aside its February 2004 order because (i) its May 2007 order was unsupported by newly discovered evidence for failure to hear any testimony or receive any documentary evidence, (ii) pursuant to OCGA § 19-8-9 (b), absent evidence of procurement by fraud, the mother's surrenders were not voidable after the expiration of ten days following their execution, and (iii) no evidence showed that the complained of order was required in the best interest of the children by changed circumstances pursuant to OCGA § 15-11-40 (b). We disagree.

---

[1] The Georgia Department of Human Resources is not participating in the appeal of this case for such reason.

(a) "It is well settled that a court may take judicial notice of its own records in the immediate case or proceedings before it. [Cit.]" *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980). Thus, the juvenile court was not, as a matter of law, required to conduct an evidentiary hearing before entering its order on the mother's motion to set aside its February 2004 order. The question that must be determined, however, is whether the juvenile court's grant of the mother's motion may be affirmed upon its records and proceedings in this case.

In this regard, we find that the juvenile court erred to the extent it granted the mother's motion upon taking judicial notice of its August 21, 2006 order wherein it found that the mother's surrenders had not been voluntary. Such order, having been vacated by the juvenile court, was void. See *Crolley v. Haygood Contracting*, 207 Ga. App. 434, 436 (2) (b) (429 SE2d 93) (1993), citing Black's Law Dictionary (4th ed. 1968) (A vacated order is one which has been annulled, set aside, cancelled, rescinded, or rendered void.).

Further, in undisputed testimony at a February 25, 2004 hearing, the mother testified that she had been pressured into surrendering her parental rights by her caseworker who opined that doing so would spare her what would only be a "painful" termination hearing later; that the caseworker presented the surrender documents to her; that he drove her to the Department's office where she signed them; and that the caseworker was present when she did so.

Following a hearing on October 12, 2005, the juvenile court entered a permanency order on November 14, 2005 and a legitimation order on November 28, 2005, nunc pro tunc to October 12, 2005. In its permanency order, the juvenile court found that the mother's caseworker was

> a friend of the [foster parents], was in their home often, had dinner with them, babysat the children, bathed the children, made inappropriate advances toward their teenage daughter that made her feel uncomfortable, . . . was untruthful[,] . . . [and engaged in] fraud and other illegalities.

In its legitimation order, the juvenile court further found that "false allegations had been made against the . . . father and that [the caseworker] and the fosterparents had kept the father and other relatives at bay and had manipulated the children. These facts had not been made known before." The record otherwise reflects that the caseworker agreed to his removal from the case based on what he recognized to be a conflict of interest.

Among the factors authorizing a juvenile court to set aside an

order terminating parental rights is newly discovered evidence. OCGA § 15-11-40 (a) (3); see also *In the Interest of B. G. D.*, 224 Ga. App. 124, 128 (2) (479 SE2d 439) (1996) (A mother may not revoke her surrender after ten days, unless the surrender is invalidated by duress, fraud, or incapacity.). Here, there was evidence of newly discovered evidence and fraud. Given the foregoing, the trial court's order granting the mother's motion to set aside its February 2004 order upon its records and proceedings was not error for insufficient evidence. *Hicks v. Stargel*, supra, 226 Ga. App. 639, 640 (1) (487 SE2d 428) (1997).

(b) Because the undisputed evidence is that the mother's surrenders were procured by the caseworker's "suggestion" that it was in her best interest to surrender her parental rights, as above, the juvenile court did not err in granting the mother's motion to set aside for her failure to revoke her surrenders within ten days of their execution under OCGA §§ 19-8-4 (d) and 19-8-9 (b). See *In the Interest of B. G. D.*, supra, 224 Ga. App. at 129 (2).

(c) Our disposition of subparagraph (a) makes it unnecessary to consider the father's claim that no evidence showed that the juvenile court's order granting the motion to set aside was required in the best interests of the children by changed circumstances. The same is but an additional ground upon which the juvenile court might have set aside the mother's surrender of her parental rights. See OCGA § 15-11-40 (b); see also *In the Interest of C. M.*, 205 Ga. App. 543, 544 (423 SE2d 280) (1992) (indicating that OCGA § 15-11-40 sets out the multiple grounds upon which a juvenile court's order might be modified or vacated).

2. The father contends that the juvenile court's May 2007 order restoring the mother's parental rights was error for lack of personal jurisdiction to issue the May 2007 order because he and the children were then permanent residents of Florida. See OCGA § 19-9-62 (a) (2) (A court of this State has exclusive continuing jurisdiction over the termination of parental rights until "[a] court of this state or a court of another state determines that neither the child nor the child's parents . . . presently resides in this state."). Further, the father argues that the mother's surrender of her parental rights divested the juvenile court of subject matter jurisdiction. See OCGA § 15-11-28 (a) (1) (C) (The juvenile court has exclusive original jurisdiction as to juvenile matters concerning a child who, among other things, is alleged to be deprived.).

Pretermitting the foregoing claims, "OCGA § 15-11-40 provides the vehicle for the correction of juvenile court orders." (Punctuation omitted.) *Hardin*, supra, 274 Ga. App. at 545 (2). Without placing any time limit on this type of jurisdiction, it provides that the juvenile court may set aside, change, modify, or vacate its orders

upon certain grounds, among them, newly discovered evidence and changed circumstances in the best interest of the child requiring the same, as above. *In the Interest of J. O.*, 191 Ga. App. 521, 522 (1) (382 SE2d 214) (1989), overruled on other grounds, *In the Interest of T. A. W.*, 265 Ga. 106 (454 SE2d 134) (1995). Given the foregoing, the instant claim of error is without merit.

3. The father contends that the trial court's May 2007 order was error because the mother lacked standing to seek such relief, having surrendered her parental rights to the children. We disagree.

As a party to the proceeding resulting in the voluntary termination of her parental rights, the mother was authorized to petition the juvenile court for relief from its February 2004 order. See OCGA § 15-11-40 (c) ("Any party to the proceeding, the probation officer, or any other person having supervision or legal custody of or an interest in the child may petition the court for relief provided in this Code section.").

4. The father contends that the juvenile court erred in setting aside its February 2004 order, arguing that the mother's surrender of parental rights and the termination of her parental rights based thereon was res judicata.

"[R]es judicata and estoppel by judgment will not bar . . . a motion to set aside such [a] judgment . . . based upon newly discovered evidence. [Cits.]" *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 214-215 (3) (a) (517 SE2d 571) (1999). We have held that the juvenile court did not err in granting the mother's motion to set aside based upon newly discovered evidence. Division 1 (a), supra. Accordingly, this claim of error is also without merit.

5. In light of the foregoing, we need not consider the father's remaining claims of error.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 9, 2008 —
RECONSIDERATION DENIED MAY 22, 2008

*Janna D. Akins*, for appellant.

*Thurbert E. Baker*, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Sanders & Smith, Russell W. Smith, Marie K. Evans, for appellee.