A08A2114. PAPPAS et al. v. CRISS et al.
(676 SE2d 21)

BARNES, Judge.

Homeowners Jim and Lisa Criss sued Kevin and Cathie Pappas d/b/a Outside Creations for breach of contract related to a landscaping project. Pappas contended that the contract was not with him personally but with a corporation that has filed for bankruptcy. The homeowners moved for summary judgment, and the trial court granted it in part, finding that the contract at issue was between the homeowners and Pappas personally, not Pappas as the agent of a corporate entity. The court also held that issues of fact remained as to all other questions. Pappas appeals, pro se, arguing that he should not be held personally liable, but for the reasons that follow we affirm.

Pappas frames his enumeration of error as the trial court erred in holding "that the corporate veil should be pierced and Appellant held personally liable for the debts of the corporation." That is not

the issue addressed by the trial court, however, because no evidence established that the homeowners contracted with a corporation, and therefore the court did not reach the issue of piercing the veil.

Although Pappas contends in his brief that "[a]t the time that the contract was signed, Forever Green Landscaping and Irrigation, Inc. was operating under the name of 'Outside Creations,'" nothing in the record supports that conclusion. Further, Pappas has never claimed "Outside Creations" is a corporation. The initial contract between the homeowners and "Outside Creations" was signed by Pappas" as "Outside Creations Rep." The company name "Forever Green" is not included anywhere in the multi-page contract. The three subsequent contract modifications do not even mention Outside Creations, but are signed only by Pappas. The four payments on the contract were by checks from the homeowners made payable to Kevin Pappas, and Pappas testified in his deposition that he had no corporate bank account, but used his personal checking account or cashed the checks to pay for labor and material.

> The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal, and the use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability.

(Citation and punctuation omitted.) *Crolley v. Haygood Contracting*, 201 Ga. App. 700, 702 (3) (411 SE2d 907) (1991); see also *Redi-Floors v. Sonenberg Co.*, 254 Ga. App. 615, 616 (1) (563 SE2d 505) (2002). No evidence in the record indicates that the homeowners knew they were contracting with a corporate entity, unlike the situation in *Lamas v. Baldwin*, 140 Ga. App. 37 (230 SE2d 13) (1976), in which the subcontractor billed the corporation and was paid with corporate checks.

The trial court did not err in granting partial summary judgment to the homeowners on this ground.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2009.

Kevin Pappas, *pro se.*
David J. Merbaum, for appellees.