A09A1369. YIM v. J'S FASHION ACCESSORIES, INC.
(680 SE2d 466)

BLACKBURN, Presiding Judge.

In this action on an open account, defendant Benjamin Yim appeals the summary judgment entered against him, arguing that a disputed issue of fact remained as to whether he was acting individually or as a representative of Hosung Enterprise, Inc. when he ordered and received goods from plaintiff J's Fashion Accessories, Inc. ("Fashion"). Because Yim submitted no evidence that he disclosed any such agency relationship to Fashion, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins.*

*Corp.*[1]

So viewed, the evidence shows that while doing business under the trade name "Ho Tae," Yim ordered goods from Fashion, which goods were received by Yim and invoiced to Ho Tae. When the open account was not paid, Fashion sued Yim d/b/a Ho Tae. Yim answered, denying personal liability on the ground that he had been acting on behalf of a corporation known as Hosung Enterprise, Inc. that did business under the trade name of Ho Tae. Fashion moved for summary judgment, submitting its manager's affidavit that "[a]t no time did Benjamin Yim disclose the existence of a corporation or other artificial entity with whom we were dealing. At all times, we dealt directly with Benjamin Yim using his trade name 'Ho Tae.'" The trial court granted the motion, entering summary judgment against Yim for the amount invoiced. Yim appeals.

Yim does not dispute that he ordered the goods, that he received the goods, or that the goods were properly invoiced. Rather, his only dispute is that he was not personally liable for the unpaid amounts in that he was merely acting as an agent for Hosung Enterprise, Inc.

"An agent who makes a contract without identifying his principal becomes personally liable on the contract." *Redi-Floors, Inc. v. Sonenberg Co.*[2] Thus, "[i]n order to avoid personal liability[,] an agent is under a duty to disclose the fact of his agency and the identity of his principal, and one who deals with an agent who fails to disclose his principal may at his election recover from either the agent or the principal." (Punctuation omitted.) *Hunter Turnkey, Inc. v. Pilot Property Co.*[3] Because the duty is on the agent to make this disclosure, it is "not on the party with whom he deals to discover it." (Punctuation omitted.) *Redi-Floors, Inc.*, supra, 254 Ga. App. at 616 (1).

The agent must be specific in this disclosure. "The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal." (Punctuation omitted.) *Hunter Turnkey, Inc.*, supra, 210 Ga. App. at 366. Nor is it sufficient if the agent merely uses the trade name of the principal. "[T]he use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability." *Pappas v. Criss.*[4] As explained in *Crolley v. Haygood Contracting,*[5]

[a] trade name is merely a name assumed or used by a

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] *Redi-Floors, Inc. v. Sonenberg Co.*, 254 Ga. App. 615, 616 (1) (563 SE2d 505) (2002).

[3] *Hunter Turnkey, Inc. v. Pilot Property Co.*, 210 Ga. App. 365, 366 (436 SE2d 84) (1993).

[4] *Pappas v. Criss*, 296 Ga. App. 803, 804 (676 SE2d 21) (2009).

[5] *Crolley v. Haygood Contracting*, 201 Ga. App. 700, 702 (3) (411 SE2d 907) (1991).

> person recognized as a legal entity. A judgment against one in an assumed or trade name is a judgment against him as an individual. An undertaking by an individual in a fictitious or trade name is the obligation of the individual.

(Punctuation omitted.) Accordingly, if the agent's only evidence of disclosing the fact of the agency and the identity of the principal is use of the principal's trade name, summary judgment against the agent individually is usually warranted. *Pappas*, supra, 296 Ga. App. at 804. *Crolley*, supra, 201 Ga. App. at 703 (3).

Here, Fashion submitted the affidavit of its manager that at no point did Yim indicate he was acting other than as an individual doing business under the trade name "Ho Tae." In his response affidavit, Yim did not claim that he informed anyone at Fashion that he was acting on behalf of Hosung Enterprise, Inc., but rather could only state that Fashion must have been aware of his agency relationship with Hosung Enterprise because (a) Hosung Enterprise had registered the trade name "Ho Tae" with the Georgia Department of Revenue, (b) Ho Tae's business checks showed Ho Tae was a division of Hosung Enterprise, and (c) Hosung Enterprise was registered with the Georgia Secretary of State's office. However, the two public filings with State offices were not notice to Fashion that Yim was acting on behalf of Hosung when he ordered and received the goods, and no evidence showed that any business checks of Ho Tae were sent to or received by Fashion. Thus, because the only alleged information of agency (or of Hosung's identity) that Yim disclosed to Fashion was Yim's use of the trade name "Ho Tae," summary judgment in favor of Fashion was warranted. See *Pappas*, supra, 296 Ga. App. at 804; *Crolley*, supra, 201 Ga. App. at 703 (3). Yim's citations to *Bump-Aire Corp. v. Rogers*,[6] *Crisp Pecan Co. v. Wiggins Produce Co.*,[7] *Carpenter v. Cordele Elec. Supply*,[8] and *Wojcik v. Lewis*[9] are in apropos, as in each of these cases, the defendant presented some evidence to the trial court that defendant had informed plaintiff that the defendant was acting on behalf of an identified principal in making and executing the contract at issue.

The trial court did not err in granting summary judgment to Fashion.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

---

[6] *Bump-Aire Corp. v. Rogers*, 236 Ga. App. 422, 423 (512 SE2d 326) (1999).

[7] *Crisp Pecan Co. v. Wiggins Produce Co.*, 222 Ga. App. 747, 748-749 (3) (476 SE2d 60) (1996).

[8] *Carpenter v. Cordele Elec. Supply*, 220 Ga. App. 548, 549 (2) (469 SE2d 799) (1996).

[9] *Wojcik v. Lewis*, 204 Ga. App. 301, 304-305 (2) (419 SE2d 135) (1992).

YALE LAW LIBRARY

DECIDED JUNE 16, 2009.

*William R. Carlisle*, for appellant.
*Thomas V. Keough*, for appellee.