## A10A1320. IN THE INTEREST OF J. N. F., a child.
### (701 SE2d 925)

MCMURRAY, Senior Appellate Judge.

The biological mother of J. N. F. appeals from the juvenile court's denial of her motion to modify or vacate the deprivation order that granted custody of her child to the maternal grandmother.[1] Finding no abuse of discretion by the juvenile court, we affirm.

---

[1] A juvenile court's denial of a motion under OCGA § 15-11-40 (b) to modify or vacate a prior deprivation order is a final judgment directly appealable under OCGA §§ 5-6-34 (a) (1) and 15-11-3. See *In the Interest of J. L. K.*, 302 Ga. App. 844, 846-847 (1) (691 SE2d 892) (2010); *In the Interest of J. N.*, 302 Ga. App. 631, 632-634 (1) (691 SE2d 396) (2010).

314

The record reflects that J. N. F. was born on June 15, 2008. In October 2008, the child came into the emergency care of the Cherokee County Department of Family and Children Services ("DFCS") due to a lack of parental care and supervision. The juvenile court subsequently entered an order finding the child deprived under OCGA § 15-11-2 (8) (A)[2] and awarding temporary custody to the maternal grandmother for a period of 24 months, expiring on October 29, 2010.[3] The court found that the child was without proper parental care or control and that the child's deprivation was the result of the mother's unrehabilitated substance abuse and her medical condition.[4] In its order, the juvenile court noted that it would reconsider the custody issue if, among other things, the mother successfully completed substance abuse treatment. The mother stipulated to the finding of deprivation and did not appeal from the juvenile court's order.[5]

Prior to expiration of the deprivation order, the mother filed her "Motion for Immediate Return of Custody" on September 18, 2009, contending that due to changed circumstances, it would be in the best interest of the child for her to regain legal and physical custody. The juvenile court thereafter conducted an evidentiary hearing on the motion and heard from the mother.

At the hearing, the mother presented evidence that she had made great strides since the deprivation order had been issued, including completing a drug and alcohol evaluation, attending support group meetings, and completing the partial hospitalization component of her chemical dependency treatment. The mother, however, acknowledged that she was still participating in a required aftercare rehabilitation program for her chemical dependency problem. Documentary evidence presented by the mother further reflected that she was required to participate in the aftercare rehabilitation program as part of her treatment regime until April 2010. Additionally, while the mother testified that she had continued to receive random drug screens with clean results, the last drug screen report contained in the documentary evidence that she submitted to the court was dated November 2008.

---

[2] OCGA § 15-11-2 (8) (A) defines a deprived child as "a child who . . . [i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals[.]"

[3] In deprivation cases where custody of the child is not awarded to DFCS, the order of disposition may continue in force for up to two years. See OCGA § 15-11-58.1 (a). The order may be extended for up to two additional years if certain statutory prerequisites are satisfied. See id.

[4] The mother suffers from multiple sclerosis.

[5] The putative father did not participate in the deprivation proceedings and is not a party to this appeal.

Following the hearing, the juvenile court entered its order declining to modify or vacate its deprivation order. The court noted that while the mother had completed a majority of the requirements placed upon her in the deprivation order, she still was "currently in an aftercare rehabilitation program to address her substance abuse problems." The court further noted that it had not received updated drug screen reports showing that the mother had continued to remain clean of drugs. It is from this order that the mother now appeals.

Regardless of nomenclature, the mother's motion for the return of custody of her child sought to modify or vacate the unexpired deprivation order based upon an alleged change in circumstances. See *Gully v. Glover*, 190 Ga. App. 238, 239 (1) (378 SE2d 411) (1989) (noting that "[t]here is no magic in the nomenclature of a motion," and that a pleading is judged "by its function rather than [by] its name") (citation and punctuation omitted). Under OCGA § 15-11-40 (b), "[a]n order of the [juvenile] court may . . . be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child." The burden is on the movant to prove by a preponderance of the evidence that due to changed circumstances, it was in the best interests of the child that the requested modification or vacation of the prior order be granted. See *In the Interest of J. N.*, 302 Ga. App. at 637 (2). We review a juvenile court's ruling on whether the movant met his or her burden only for an abuse of discretion. See *In the Interest of K. W.*, 291 Ga. App. 623, 624 (662 SE2d 255) (2008). There can be no abuse of discretion if there was any evidence to support the ruling of the juvenile court. See *Lurry v. McCants*, 302 Ga. App. 184, 186 (1) (690 SE2d 496) (2010).

The juvenile court did not abuse its discretion in this case. While the mother undeniably had made substantial efforts to address her substance abuse problem by the time the hearing was conducted on her motion to modify or vacate the deprivation order, she had not yet completed the aftercare rehabilitation program for her chemical dependency problem, and had not submitted documentary evidence reflecting clean drug screens throughout the course of her participation in that program. Under these circumstances, the juvenile court was entitled to exercise its discretion and find that any request for a change in custody was premature and that the mother had not shown a sufficient change in circumstances to require that the deprivation order be modified or vacated at that point.

Our decision is buttressed by OCGA § 15-11-55 (f), which provides in part:

If a child is found to be a deprived child and the deprivation is found to have been the result of alcohol or other drug

abuse by a parent or guardian, . . . and the court orders transfer of temporary legal custody of the child, . . . the court is authorized to further order that legal custody of the child may not be transferred back to the child's custodian or guardian whose abuse of alcohol or another drug resulted in the child's deprivation unless such person undergoes substance abuse treatment and random substance abuse screenings and those screenings remain negative for a period of no less than six consecutive months.

In light of this statutory provision, it was within the juvenile court's discretion to require that the mother successfully complete all components of her substance abuse treatment, including the after-care rehabilitation program, while remaining drug free, before reconsidering its deprivation order awarding temporary custody of the child to the maternal grandmother.[6]

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 4, 2010.

*Barbara K. Nye*, for appellant.

---

[6] In light of our decision, we need not consider the other grounds cited by the juvenile court for denying the mother's motion to modify or vacate the deprivation order.