*M. U. Mooty,* for plaintiffs in error.

*W. T. Tuggle,* contra.

---

### 16143. BROCK CANDY COMPANY *v.* CRATON.

The writing in which Craton stated to the plaintiff that he would be responsible for Austin "up to $500, but not over that amount," and would be glad if the plaintiff "would extend to him that amount of credit," was a contract of suretyship and not of guaranty; and an action was maintainable against Craton and Austin jointly for a balance due of $500 on the price of goods sold to Austin in pursuance of this writing.

The extension of credit to the principal in excess of the sum named in the writing did not release the surety, the limit thus named being merely as to the surety's liability, and not as to the credit to be extended.

The petition was not subject to any ground of the demurrer interposed by Craton, and the court erred in sustaining the demurrer and dismissing the case as to him.

> DECIDED APRIL 15, 1925.

Complaint; from city court of Floyd county—Judge Bale. December 6, 1924.

J. L. Craton and W. S. Austin were jointly sued by the Brock Candy Company for the purchase-price of goods sold by it to Austin. Craton was sued as a codefendant by reason of the following written agreement (which the petition, in one place, calls a "guarantee," and in another place "a contract of suretyship") executed by him and delivered to the plaintiff: "Gentlemen: I will be responsible for W. S. Austin up to $500.00, but not over that amount. I would be glad if you would extend to him that amount of credit. Very respectfully, J. L. Craton."

The petition alleged, "that in pursuance of said contract of suretyship on the part of the said John L. Craton, your petitioner did extend credit, upon the face thereof, to the said W. S. Austin, and from time to time did sell and deliver to the said W. S. Austin goods, wares, and merchandise in the total value of $1,634.73, against which petitioner has received credits from the said W. S. Austin of the sum of $1,109.73, leaving a balance due your petitioner upon said account of $525, which said account is just, due, and unpaid." Judgment was asked against the two defendants for $500. Craton demurred to the petition, on various grounds; the court sustained the demurrer and dismissed the petition as to him, and the plaintiff excepted.

*Denny & Wright,* for plaintiff.

*James Maddox,* for defendant.

BROYLES, C. J. (After setting forth the foregoing stated facts.) In our opinion the petition was not subject to any ground of the demurrer interposed. The extension of credit by the plaintiff to Austin in excess of the sum of $500 did not release Craton. "If one assumes to pay a definite amount of the indebtedness of another, it is none of his concern whether the debt thus assumed is greater or less than the actual indebtedness." *Oglesby* v. *South Georgia Grocery Co.,* 18 *Ga. App.* 402 (5) (89 S. E. 436). See also *Scarratt* v. *Cook Brewing Co.,* 117 *Ga.* 181 (1) (43 S. E. 413).

We think the contract of Craton with the plaintiff was one of suretyship and not of guaranty, and therefore the action could be maintained against both defendants jointly. There was no benefit flowing to Craton, and he was not primarily, but only secondarily, liable to the plaintiff. A contract of suretyship "differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." Civil Code (1910), § 3538. "A fundamental distinction between a guaranty and suretyship is that in a contract of guaranty the person obligating himself to pay the debt of another is primarily, and not merely secondarily, liable for its payment." *Watkins Medical Co.* v. *Marbach,* 20 *Ga. App.* 691 (1 b) (93 S. E. 270). See also *Wright* v. *Shorter,* 56 *Ga.* 72, 77.

We think also that the contract of suretyship did not limit the plaintiff to give credit for only $500 to Austin, although it did limit the surety's liability to that amount. "Where an absolute promise is made to become responsible for a certain amount, with

no limitation as to time, and there is nothing in the circumstances surrounding the execution of the contract to evince a contrary intention, it will be presumed that the promise was to continue until revoked, and the promisor will be held liable to the extent of his guaranty notwithstanding the principal may have, during the existence of the contract, contracted debts to an amount equal to or greater than the sum named in the guaranty." *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14, 21 (33 S. E. 701). There was no merit in any ground of the demurrer, and the court erred in sustaining the demurrer and in dismissing the case as to J. L. Craton.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*