62467. WEST CASH & CARRY BUILDING MATERIALS OF SAVANNAH, INC. v. LIBERTY MORTGAGE CORPORATION et al.

SHULMAN, Presiding Judge.

Defendant Snooks, signing as purchaser and guarantor, executed a credit agreement with plaintiff in which defendant Liberty Mortgage was listed as the customer. In the body of the instrument, Snooks was identified as the treasurer of Liberty Mortgage, but there was no reference to that position after his signature as guarantor. A credit limit of $1,000 was requested, and the guarantor agreed to be personally liable, jointly and severally with the principle, for the payment of all indebtedness incurred pursuant to the credit agreement should the purchaser be a corporation or a partnership. Thereafter, Liberty Mortgage purchased supplies from plaintiff and made several payments on its account. When an indebtedness of $1,896.35 remained unpaid after defendant Snooks had been notified of the arrearage, plaintiff sued Liberty Mortgage on the account and Snooks as the guarantor of the account. Plaintiff was granted a default judgment of $2,214.63 (principal, interest and attorney fees) against Liberty Mortgage, but the trial court granted defendant Snooks' motion to dismiss and motion for judgment on the pleadings. Plaintiff now appeals from the latter rulings.

Among other grounds for its judgment, the trial court held that Snooks, as a surety, was discharged of his obligation since plaintiff had imposed an increased risk upon him when it extended credit to Liberty Mortgage in an amount greater than the amount to which it had agreed in the credit application. We agree with the trial court's ruling on that issue and therefore affirm the grant of Snooks' motions to dismiss and for judgment on the pleadings.

Plaintiff urges that defendant Snooks is a compensated surety and as such is not entitled to the protection of Code Ann. § 103-203,

which provides for discharge of a surety upon an increase of risk. While the Supreme Court has held that Code Ann. § 103-203 does not apply to compensated sureties (see *Houston Gen. Ins. Co. v. Brock Const. Co.,* 241 Ga. 460 (246 SE2d 316)), the court noted in that case (at p. 464), and in *Balboa Ins. Co. v. A. J. Kellos Const. Co.,* 247 Ga. 393 (fn. 2) (276 SE2d 599), that the rule stated in § 103-203 is a correct statement of the common law applicable to compensated sureties. Thus, we need not decide whether Snooks was a compensated or uncompensated surety since it appears that a surety, whether compensated or not, will be discharged under either statutory or common law if his risk is increased by any act of the creditor. The extension of credit to Liberty Mortgage beyond the credit limit agreed to in the credit application constitutes just such an increase in Snooks' risk. The question then becomes whether Snooks is discharged as to the entire debt or only that portion which exceeds the credit limit to which the parties agreed. We hold, albeit reluctantly, that he is completely discharged.

In *Upshaw v. First State Bank,* 244 Ga. 433 (260 SE2d 483), the Supreme Court found unpersuasive the bank's contention that sureties who had limited their liability could not be *completely* discharged of their obligation. Ruling that the additional loans made by the bank to the debtor probably increased the risk of his default and increased the risk that the sureties would be exposed to the extent of their limited liability, the court held that this was an increase in risk which completely discharged the sureties. The same reasoning is applicable to the case before us.

Plaintiff cites *Brock Candy Co. v. Craton,* 33 Ga. App. 690 (127 SE 619), in support of its contention that an extension of credit to a principal in excess of the guaranteed amount is not a dischargeable increase of risk. *Brock,* however, is distinguishable from the present case inasmuch as the surety there had only agreed to be responsible for $500 of the debtor's debt and had placed no ceiling on the amount of credit to be extended to the debtor. In the case at bar, Snooks agreed to be liable for *"all* indebtedness or liabilities incurred" (emphasis supplied), and plaintiff agreed to limit extensions of credit to Liberty Mortgage to $1,000. When plaintiff violated the agreement by extending credit to Liberty Mortgage in excess of $1,000, it increased the risk Snooks had agreed to take and thereby discharged the surety under Code Ann. § 103-203 or the common law.

Because the remaining enumerations of error, even if meritorious, would not change the above result, they will not be considered.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 6, 1981.

*Thomas E. Lawrence,* for appellant.
*Laurie K. Abbott, Anthony H. Abbott,* for appellees.