67358. BLALOCK et al. v. CENTRAL BANK OF GEORGIA.

McMURRAY, Chief Judge.

*In 1974* in the negotiations for the credit of a corporation created and incorporated under the name of Blalock & Son, Inc., Edgar Blalock, who was its president, was required to give a personal continuing guaranty in the amount of $80,000 for the indebtedness of the corporation. Subsequently, *on June 12, 1978,* Edgar Blalock (contending he was no longer an officer) was required to execute another continuing guaranty for the indebtedness of the corporation not to exceed $100,000, the instrument reciting a consideration and to remain in force until a written notice revoking it had been received by the bank. Both of these instruments referred to the indebtedness by the corporation, as principal, to the Central Bank of Georgia. This agreement also recited that at the option of the bank it might be treated as a guaranty or a suretyship "with the right to proceed against the guarantor without first proceeding against the principal [Blalock & Son, Inc.]," and the guarantor waived the right to require the holder of the obligation guaranteed to take action against the principal as provided by Georgia law. Subsequently, *on or about September 30, 1980,* Blalock & Son, Inc. filed bankruptcy proceedings, and the Central Bank of Georgia, while receiving some money from the bankruptcy court which reduced the amounts due was still owed $61,920.96.

Whereupon, Central Bank of Georgia brought this action to recover said sums against the guarantor Edgar Blalock. There was an additional guarantor, but by consent judgment that defendant is no longer involved in this litigation.

Defendant Blalock answered, denying the claim, and the case proceeded to trial, both parties moving the court for directed verdicts. The trial court denied the defendant's motion and granted the plaintiff's motion for directed verdict. Following the denial of defendant's motion for new trial he appeals. *Held:*

1. Defendant's first enumeration of error is that the trial court erred in directing the verdict against him because there was conflicting material evidence for resolution by the jury. Only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict should the verdict be directed. See OCGA § 9-11-50 (a) (formerly Code Ann. § 81A-150 (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248)). Defendant contends that the evidence on appeal must be construed most strongly in the favor of the appellant party, citing *Francis v. Cook,* 248 Ga. 225 (281 SE2d 548); *Burney v.*

*Butler*, 243 Ga. 620 (255 SE2d 686); *Johnson v. Curenton*, 127 Ga. App. 687 (195 SE2d 279). Defendant contends that the plaintiff's sole witness gave contradictory, vague, inconclusive and ambiguous testimony with reference to the transaction. Hence, a jury question was created as to the creation of the corporate indebtedness (a note executed by the corporate president alone who was not this defendant). However, it was undisputed that the corporation was indebted to the bank, the guaranty in question guaranteed the indebtedness of that corporation, and the issue of whether or not any conversations occurred between the plaintiff's sole witness and the officers and agents of the corporation is totally immaterial to the issue of whether Blalock actually signed the guaranty in question. The undisputed evidence discloses that he did sign the agreement. There is no merit in this complaint.

2. Under OCGA § 24-9-85 (formerly Code § 38-1806) when a witness is successfully contradicted as to a material matter his credit as to other matters becomes a question for the jury. Defendant next contends that the trial court erred in directing a verdict against him because plaintiff's sole witness was impeached in two separate instances thereby putting his veracity in issue for resolution by the jury. However, mere conflicts in the testimony do not render the direction of a judgment erroneous when it appears that the conflicts are not material. See *Summer v. Strayhorn*, 186 Ga. 755 (199 SE 108); *Waits v. Hardy*, 214 Ga. 495, 496 (105 SE2d 719). The claimed conflicts of the witness' testimony had reference to the execution of a note with the corporation and to the discussions with the principals involved in the business that a guaranty was to be obtained from the defendant, there being a difference of opinion between the witnesses as to said discussions. However, none of these questions have any bearing whatsoever on the issue before the court with regard to the defendant's signing of the 1978 guaranty agreement upon which the suit is predicated. The total lack of materiality removes the testimony considered as conflicting from the realm of impeachment. See *Waits v. Hardy*, 214 Ga. 495, supra. There is no conflict in the evidence concerning the defendant's signing of the 1978 guaranty agreement, the amount due the bank thereunder and no conflict in the evidence as to any material issue. Hence, the evidence introduced with all reasonable deductions therefrom demanded the trial court's direction of a verdict in favor of the plaintiff in accordance with OCGA § 9-11-50 (a) (Code Ann. § 81A-150), supra.

3. Defendant next contends that the trial court erred in directing the verdict in that the corporate outstanding indebtedness was in excess of $100,000 when he executed the 1978 guaranty thereby increasing the risk upon which he contracted, to his detriment, and the guaranty should be discharged on the basis of the reasoning set forth in

*West Cash &c. v. Liberty Mtg. Corp.*, 160 Ga. App. 323 (287 SE2d 320). However, the evidence is not clear here that the corporate indebtedness was in excess of $100,000 at the time the defendant was called on to increase the guaranty by executing an additional one for an indebtedness not in excess of $100,000. But even if the indebtedness did exceed $100,000 at that time, the guaranty here placed no ceiling on the amount of credit to be extended by the bank to the corporation (the principal) but merely set forth that the defendant guaranteed up to the limit of $100,000. This in no wise restricted the extension of credit to the principal. See in this connection *Brock Candy Co. v. Craton*, 33 Ga. App. 690 (127 SE 619); *Dunlap v. C. & S. DeKalb Bank*, 134 Ga. App. 893 (216 SE2d 651). There is no merit in this complaint.

4. The remaining enumeration of error is that the defendant sought to amend his pleadings and to introduce evidence as to failure of consideration contending that under OCGA § 9-11-15 (b) (formerly Code Ann. § 81A-115 (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694)) and *McRae v. Britton*, 144 Ga. App. 340 (240 SE2d 904), he might amend his pleadings at any time. However, the contract here styled a guaranty unconditionally obligated defendant to pay the indebtedness therein and expressly subjected him to suit by the holder of the instrument without first proceeding against the principal and could be treated as a contract of suretyship. See *Hazel v. Tharpe & Brooks, Inc.*, 159 Ga. App. 415, 416 (3) (283 SE2d 653); *Griswold v. Whetsell*, 157 Ga. App. 800, 801-802 (2) (278 SE2d 753); *Dunlap v. C. & S. DeKalb Bank*, 134 Ga. App. 893, supra. Therefore, the defendant cannot defeat liability by proving merely that he received no monetary consideration, the instrument expressing a monetary consideration, and his principal did receive consideration or benefit from the transaction. See *Gay v. Mott*, 43 Ga. 252; *Jackson v. First Bank of Clayton County*, 150 Ga. App. 182, 186 (256 SE2d 923); *Tennille Banking Co. v. Ward*, 29 Ga. App. 660 (1a) (116 SE 347). The evidence was clear that consideration flowed from the plaintiff to the defendant's principal, the corporation. The trial court did not err in granting the plaintiff's motion in limine in not allowing any evidence as to failure of consideration and thereafter in directing a verdict in favor of the plaintiff.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 5, 1984 —
REHEARING DENIED MARCH 7, 1984 — ▮▮▮▮▮▮▮

*O. Hale Almand, Jr.*, for appellants.
*John D. Carey*, for appellee.