## 69219. THOMPSON v. KORNEGAY.
### (326 SE2d 792)

BENHAM, Judge.

Appellee sued in trover to recover a diamond ring in the possession of appellant. At trial, appellee testified that he purchased the diamond as an investment and agreed to permit appellant to wear it on condition that she return it to him upon request. At the close of all the evidence, the trial court granted appellee's motion for a directed verdict. In this appeal from the judgment entered on directed verdict, appellant's sole argument is that the directed verdict was improper because appellee's testimony was impeached, creating a jury question as to his credibility and, therefore, as to all his testimony.

"[M]ere conflicts in the testimony do not render the direction of a judgment erroneous when it appears that the conflicts are not material. [Cits.]" *Blalock v. Central Bank of Ga.*, 170 Ga. App. 140 (2) (316 SE2d 474) (1984). Although appellant contends that appellee's testimony on a material matter, ownership of the ring, contradicted his deposition testimony on that subject, a review of the transcript shows otherwise. Appellee testified on deposition that he had caused appellant's name and the Alabama address of appellant's stepmother to be placed on the bill of sale solely for the purpose of avoiding Georgia sales tax on the purchase. At trial he testified that he had used the Alabama address for that purpose but had caused his own name to be placed on the bill of sale. Appellee admitted the discrepancy in the testimony and swore that he had recollected the events more correctly since the taking of his deposition. It may be seen, therefore, that the subject on which appellee contradicted himself was not the ownership of the ring but the details of the method used to avoid paying sales tax. We do not find that testimony material to the central issue of the case, ownership of the ring, a subject on which appellee's testimony was consistent and uncontradicted. Accordingly, under the rule quoted from *Blalock*, supra, the conflicts in appellee's testimony did not render the grant of a directed verdict erroneous.

Since appellee unequivocally asserted ownership of the ring and appellant's agreement to return it on request, and appellant presented no evidence to counter appellee's, a verdict for appellee was demanded.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 30, 1985 —
REHEARING DENIED FEBRUARY 13, 1985.

*William P. Walker, Jr.,* for appellant.
*D. R. Jones, D. Richard Jones III, Reagan W. Dean,* for appellee.