## 69450. MARABLE v. ALTMAN et al.
### (327 SE2d 504)

SOGNIER, Judge.

Luther Marable, Jr. brought this action for breach of contract against his former attorneys, Sol Altman and Harry Altman II. The trial judge granted the Altmans' motion for summary judgment and Marable appeals.

Appellant contends the trial court erred by granting appellees' motion for summary judgment because questions of fact remain whether appellees breached their contract with appellant. Appellant retained appellees to defend him on criminal charges of aggravated assault and two lesser offenses and, subsequently, on a murder charge. Appellees represented appellant through the murder trial in which appellant was found guilty of voluntary manslaughter. Thereafter, without releasing or discharging appellees, appellant retained additional counsel, Edwards, to defend him on the assault charge. Prior to the assault trial, appellees informed appellant that because of a conflict with another case, they would be unable to represent him through trial. Appellee Sol Altman conducted jury selection but neither appellee appeared for the trial on the assault charge in which appellant was represented by Edwards as lead counsel. The jury found appellant guilty. In this action appellant sought a refund of fees and additional damages on the basis of breach of contract by appellees' absence from trial. Appellant did not allege legal malpractice by appellees.

The uncontradicted evidence shows that by mutual consent the parties modified the contract to excuse appellees from appearing on appellant's behalf at trial and to provide that Edwards defend appellant as lead counsel during trial. "An oral modification of a preexisting contract need not be expressed in words, in writing or signed, but the parties must manifest their intent to modify the original contract." *Dan Gurney Indus. v. Southeastern Wheels*, 168 Ga. App. 504, 505 (1) (308 SE2d 637) (1983). After appellees advised appellant of the conflict which would prevent them from appearing at appellant's trial, appellant manifested his intent to modify the contract by insisting on proceeding to trial without appellees and with Edwards as his sole and lead counsel. The trial judge repeatedly asked appellant whether he wished to proceed without appellees and with Edwards as his sole and lead counsel and fully explained the effect of appellant's decision to so proceed. After trial, in further affirmance of the contract as modified, appellant resumed the use of appellees' ser-

vices and paid them for the services in representing him on appeal from the assault conviction.

Since the evidence giving rise to the mutual modification of the contract excusing appellees from appearing at appellant's trial is uncontradicted, appellees' absence from the trial did not constitute a breach of contract and there is no question of fact remaining. Hence, the trial judge correctly granted summary judgment in favor of appellees.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 5, 1985 —
REHEARING DENIED FEBRUARY 25, 1985 — 

*James N. Finkelstein*, for appellant.
*A. Paul Cadenhead, Clayton Scofield III*, for appellees.