A92A1513. SOUTHEASTERN AUTOMOTIVE WAREHOUSE, INC. v. McCURDY.
(422 SE2d 574)

POPE, Judge.

Plaintiff Southeastern Automotive Warehouse, Inc., extended a line of credit to Carmichael's Automotive Warehouse, Inc. ("Carmichael's"). The form application for the line of credit was filled out and signed by defendant Carol McCurdy, who was president of Carmichael's. In the space provided on the application for the amount of credit requested, defendant wrote "$500 - $5000." Also contained in the document was a paragraph stating that the undersigned agreed personally to guarantee payment for goods purchased. At the end of the document defendant signed her name on the space provided for "Signature" and on the space provided below for "Title," defendant wrote "President." Plaintiff supplied automobile parts to Carmichael's and ultimately brought suit against Carmichael's on the open account and against defendant as guarantor, praying for judgment of over $38,000. Summary judgment was granted to defendant and plaintiff appeals.

We affirm. Even if, as plaintiff argues, defendant signed the guaranty agreement in her personal capacity, defendant is discharged from the entire debt because plaintiff, the creditor, increased the guarantor's risk by extending Carmichael's credit beyond the credit limit agreed to in the credit application/guaranty agreement. See *West &c. Bldg. Materials of Savannah v. Liberty Mtg. Corp.,* 160 Ga. App. 323 (287 SE2d 320) (1981). Contrary to plaintiff's argument, the facts of the case now before us are distinguishable from those in *Brock Candy Co. v. Craton,* 33 Ga. App. 690 (127 SE 619) (1925) (in which we held the surety, who agreed to obligate himself up to a certain amount of debt owed by the principal debtor but did not specify any limit to the credit which might be extended to the debtor, was not discharged by the creditor's extension of credit beyond the amount guaranteed by the surety), for the same reasons we noted in the *West* opinion.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1992.

*Reinhardt, Whitley & Wilmot, Robert C. Wilmot,* for appellant.
*Allen, Kelley & Sowell, D. Lynn Kelley,* for appellee.