### A95A2735. CARPENTER v. CORDELE ELECTRIC SUPPLY, INC.
(469 SE2d 799)

POPE, Presiding Judge.

The trial court granted summary judgment to Cordele Electric Supply in its suit to recover personally from L. J. Carpenter a debt related to his business, Midstate Electric Company. We reverse because Carpenter has shown genuine issues of fact remain on his sole defenses: that he incurred this debt as the agent of F.A.E., Inc. d/b/a Midstate Electric Company and that Cordele Electric extended credit to the company, not to Carpenter.

Cordele Electric sued to recover amounts due for electrical supplies it sold to Midstate Electric on an open account between January and March 1994. Cordele Electric argued Carpenter was individually liable for the debt based upon the original credit application he made in October 1990. The record shows Carpenter signed the application as "Officer or Owner" of the applicant company, "Midstate Electric Company." Carpenter was noted as the "person responsible for account," but the application mentions nothing of F.A.E., Inc. The application indicates Cordele Electric extended a $2,000 credit line. The trial court found this application dispositive of Carpenter's personal liability.

In response to Cordele Electric's motion for summary judgment, Carpenter submitted an affidavit in which he deposed that he signed this application as an officer of F.A.E., Inc. solely on behalf of Midstate Electric. He also presented 13 checks totaling in excess of $50,000 written to Cordele Electric between May 1992 and February 1994 and drawn on the account of "F.A.E., INC. dba Midstate Electric Company." Although Carpenter signed these checks without indicating his representative capacity, he contended the checks were drawn as payment by F.A.E., Inc. for supplies purchased on this account and that Cordele Electric accepted and negotiated these checks.

Summary judgment is appropriate only when the court, viewing all the facts and reasonable inferences in a light most favorable to the non-movant, concludes the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins,* 261 Ga. 491, 495 (4) (405 SE2d 474) (1991). Here, the key issue is whether Carpenter sufficiently disclosed the identity of his principal — F.A.E., Inc. — so as to escape personal responsibility on the debt. *Chambliss v. Hall,* 113 Ga. App. 96, 98-99 (2) (147 SE2d 334) (1966). To succeed on its summary judgment motion, Cordele Electric had to show it did

not know Carpenter purchased these supplies as an agent of F.A.E., Inc. *Crolley v. Haygood Contracting*, 201 Ga. App. 700, 702 (3) (411 SE2d 907) (1991).

1. Contrary to the trial court's finding, the language of the credit application noting Carpenter as the "person responsible for account" does not control. Even if this language constituted Carpenter's personal promise to guarantee payment of any credit extended through this application, that personal guaranty was extinguished when Cordele Electric extended credit beyond the $2,000 limit agreed to in the application. OCGA § 10-7-22; *Southeastern Automotive Warehouse v. McCurdy*, 205 Ga. App. 550, 551 (422 SE2d 574) (1992); *West &c. of Savannah v. Liberty Mtg. Corp.*, 160 Ga. App. 323, 324 (287 SE2d 320) (1981). This case turns on broader principles of agency.

2. A factfinder must determine whether Carpenter disclosed the identity of his principal. Here, the credit application does not mention Carpenter's corporate principal, but his affidavit shows that for almost two years before Midstate Electric incurred these specific debts, Carpenter paid the account with checks drawn on the corporation, F.A.E., Inc. The bills at issue were addressed to "Midstate Electric Company," not Carpenter. "[T]o protect the agent from personal liability, it is essential that the principal be disclosed to the third [party] *at the time the transaction is being conducted.*" (Emphasis supplied; footnote omitted.) 3 AmJur2d 834, Agency, § 327. The fact that prior charges were paid by checks drawn on the account of a corporate entity may have put Cordele Electric on notice that Carpenter acted only as an agent of F.A.E., Inc. when he incurred debts for *these* supplies in 1994. See *Jensen v. Alaska Valuation Svc.*, 688 P2d 161, 164 (Alaska 1984) and *Potter v. Chaney*, 290 SW2d 44, 46 (Ky. 1956), in which those courts held an agent's use of corporate checks may amount to a disclosure of its corporate principal.

"Whether or not the fact of the agency and the identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence." (Citation and punctuation omitted.) *Wojcik v. Lewis*, 204 Ga. App. 301, 304 (2) (419 SE2d 135) (1992); *Brown-Wright Hotel Supply Corp. v. Bagen*, 112 Ga. App. 300, 303 (145 SE2d 294) (1965). "While the fact that a trade name was used is a factor to be considered on the issue of disclosure of agency, [cit.] . . . the use of a trade name is not necessarily a sufficient disclosure of the identity of the principal. . . ." *Crolley*, 201 Ga. App. at 702 (3). But unlike the defendants in *Crolley*, and *Hunter Turnkey v. Pilot Prop. Co.*, 210 Ga. App. 365 (436 SE2d 84) (1993), there is some evidence that Carpenter disclosed to Cordele Electric the identity of his *corporate* principal prior to entering the specific transactions on which Cordele Electric sued. See, e.g., *Lamas v. Baldwin*, 140 Ga. App. 37, 39-40 (1) (230 SE2d 13)

(1976), holding that all the circumstances surrounding a transaction might lead the agent to reasonably believe the other contracting party knew the identity of his principal and understood their relationship.

3. Carpenter also contends an issue of fact exists as to whether Cordele Electric extended credit to him personally or to his corporate principal, F.A.E., Inc. We agree. Because the jury may determine Carpenter disclosed to Cordele Electric his principal's identity before making the 1994 credit purchases, the jury must also determine this issue. "When the agency is known and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." OCGA § 10-6-87; see *Wojcik*, 204 Ga. App. at 305. The language of the credit application noted that Carpenter was the "person responsible for account." But as discussed in Division 1, resolution of this case depends on whether Cordele Electric extended credit for *the 1994 purchases* to Carpenter or to the corporation. It is true that "[a]n agent may expressly contract on his own credit, and be bound, even though his principal [is] known." (Citation and punctuation omitted.) *Brown & Huseby v. Chrietzberg*, 242 Ga. 232, 234 (3) (248 SE2d 631) (1978). If the jury determines Carpenter disclosed his corporate principal, it must then determine whether the parties intended that principal or Carpenter to be bound for the 1994 charges upon which Cordele Electric sued.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1996.

*Wright & Hyman, Thomas H. Hyman*, for appellant.
*James W. Hurt*, for appellee.