A98A1969. FRANKLIN v. UAP/GA. AG. CHEM., INC.
(514 SE2d 241)

Judge Harold R. Banke.

UAP/Ga. Ag. Chem., Inc. ("UAP") sued R. D. Franklin for the unpaid balance on an open account. Franklin appeals the order granting summary judgment to UAP.

On June 19, 1994, Franklin applied for a $10,000 line of credit

with UAP in the name of "R. D. Franklin." Franklin paid his 1994 account balance in full and, during 1995, made additional purchases. Sometime in 1995, Franklin's son, Sam Franklin, also a farmer, began to order and charge chemicals and fertilizer on his father's account. Because cotton crop proceeds were particularly poor, the account fell into arrears. On June 28, 1996, UAP demanded payment from Franklin for $92,337.69, plus interest and attorney fees. When UAP sued Franklin, he admitted his liability for $36,507.90 but asserted he was not responsible for charges made by Sam Franklin for Sam's business. After UAP moved for summary judgment, UAP and Franklin offered conflicting evidence as to the existence of a subsequent oral agreement which allowed Sam Franklin to make charges on his father's account with the understanding that Sam Franklin and not Franklin would be responsible for those charges. *Held*:

Franklin contends that a jury must determine whether he and UAP entered into a subsequent, new parol agreement that was supported by valuable consideration. Franklin also claims that a jury must resolve whether UAP breached its agreement to issue him credit for 1996 as asserted in his counterclaim.

When reviewing summary judgments, we must construe the evidence and all inferences most favorably toward the non-movant. *McDuffie v. Argroves*, 230 Ga. App. 723, 724 (1) (497 SE2d 5) (1998). In this case, the parties vigorously contested whether UAP extended credit to Sam Franklin through the R. D. Franklin account with the understanding that Sam would pay for the charges incurred. See *Carpenter v. Cordele Elec. Supply*, 220 Ga. App. 548, 550 (3) (469 SE2d 799) (1996).

Parol evidence is admissible to prove a subsequent oral agreement that is supported by adequate consideration. *American Century Mtg. Investors v. BankAmerica Realty Investors*, 246 Ga. 39, 41 (2) (268 SE2d 609) (1980); see OCGA § 24-6-6 (parol evidence admissible to prove a new and distinct agreement). Both Franklin and his son testified about this agreement. Franklin offered evidence, although controverted by UAP, that the parties agreed to modify the original open account agreement. See *South Atlantic Production Credit Assn. v. Gibbs*, 257 Ga. 521, 523 (361 SE2d 167) (1987) (alleged oral agreement supported by consideration enforceable). Both Franklins testified that UAP agreed that Sam Franklin could make charges to the R. D. Franklin account for which Sam would be responsible. Both testified that they had entirely separate farm operations in 1995. Sam Franklin testified that whenever he ordered products from UAP, he advised either John Martin, UAP's branch manager, or Rex Cook, a UAP salesman, that he was ordering for himself and not for his father, and that UAP agreed that he would be solely responsible for

the payment thereon. *Carpenter*, supra at 550 (3). Notwithstanding UAP's denial that it knew that its products were going to Sam, one UAP invoice provides, "SOLD TO: R. D. Franklin," and instructs, "SHIP TO: For Sam Franklin." Franklin testified that Cook knew that his son's farming operation was entirely separate and distinct from his own. According to Franklin, both Cook and Martin made separate inquiries to him regarding his business and Sam's business and they asked him whether Sam was in a position to pay for his purchases.

Further, Franklin testified that in January/February 1996, Harry Johnson, UAP's regional credit manager, met with him and asked him whether he would sign a note to cover Sam's indebtedness on this account and whether Sam had collateral he could pledge on his own behalf.[1] Yet, if Franklin had already been contractually obligated for these charges, a note would have been superfluous. Franklin also testified that Dennis Tomlinson, UAP's assistant credit manager, asked him whether Sam was in a position to make a payment on his portion of the account.

Without question, UAP and Franklin dispute whether the parties' original written account agreement was, in fact, orally modified. Sam Franklin testified that UAP solicited, received, and accepted a $25,000 payment from him, not from his father, for his charges on this account. A copy of a $25,000 check made payable to UAP from the "SAM FRANKLIN FARM ACCOUNT" appears in the record. In light of the disputed evidence, a jury must determine the existence of a subsequent agreement. *H. G. Hastings Co. v. Long & Patrick Nursery*, 166 Ga. App. 228 (303 SE2d 768) (1983); see *Marable v. Altman*, 173 Ga. App. 522 (327 SE2d 504) (1985).

By concluding that the alleged oral modification was not mutually beneficial to the parties, UAP overlooks controverted evidence as well as applicable law. See *Jackson Elec. Membership Corp. v. Ga. Power Co.*, 257 Ga. 772, 774 (1), n. 2 (364 SE2d 556) (1988). Assuming arguendo that the alleged modification is proven, UAP plainly benefited both by selling an additional $80,000 worth of products to Sam Franklin and by earning additional interest accruing at 18 percent on that extra $80,000. To decide that "Franklin's position stayed exactly the same," we would have to disregard the well-established principle of contract law that "consideration need not be a benefit accruing to the promisor, but may be a benefit accruing to another." (Punctuation omitted.) *Owens v. Svc. Fire Ins. Co. &c.*, 90 Ga. App. 553, 556 (1) (83 SE2d 249) (1954); see *Porter Fertilizer Co. v. Brewer*,

---

[1] The material facts are too controverted for us to determine as a matter of law the possible applicability of OCGA § 13-5-30 (2) and (7) to either the claim or to the counterclaim.

36 Ga. App. 329, 330 (136 SE 477) (1927). Moreover, Franklin testified that Cook suggested he permit his son to make purchases on his account in view of Sam's difficulties in obtaining funds for the 1995 crop year.[2] In any event, the Supreme Court implicitly disapproved the archaic notion of "mutuality of obligation." *Jackson Elec. Membership Corp.*, 257 Ga. at 774 (1).

Although UAP contends that it received no benefit and Franklin no loss in connection with the alleged modification, the record shows otherwise. Slight consideration is sufficient to sustain a contract. *Wolfe v. Breman*, 69 Ga. App. 813, 817 (1) (26 SE2d 633) (1943). Where mutual promises are given, each promise is itself consideration for the return promise. *Philips Audio Video Systems Corp. v. Bateman*, 160 Ga. App. 12, 14 (285 SE2d 747) (1981). By permitting $80,000 in additional charges by Sam to be made to Franklin's account and by obtaining thousands of dollars of additional interest accruing at a daily rate of .04931 percent, UAP plainly would have benefited from this arrangement.

Part performance, the doing of contemplated acts, can furnish the required consideration and mutuality otherwise lacking. *Roberson v. Eichholz*, 218 Ga. App. 511, 513 (2) (462 SE2d 382) (1995). Here, the undisputed evidence shows that Sam Franklin received UAP products charged to the R. D. Franklin account, and UAP received and accepted a $25,000 payment from Sam Franklin for the R. D. Franklin account. In light of the disputed testimony, here, as in *Jackson Elec. Membership Corp.*, summary judgment must be reversed.

*Judgment reversed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED MARCH 17, 1999.

*Donald D. Rentz*, for appellant.
*Gardner, Willis, Sweat & Goldsmith, Deena L. Plaire, Lewis R. Lamb*, for appellee.

---

[2] Sam Franklin testified that in 1994, Cook had solicited sales from him but that he declined to make purchases from UAP in 1994 because he had made credit arrangements with another supplier.