A99A2073. BUILDERS DEVELOPMENT CORPORATION et al.
v. HUGHES SUPPLY, INC.
(529 SE2d 388) .

JOHNSON, Chief Judge.

Builders Development Corporation applied for credit from Hughes Supply, Inc. P. R. Wood, the president and sole shareholder of Builders Development, signed a Continuing Personal Guaranty, in which he agreed to be personally responsible to Hughes Supply for all purchases made by Builders Development. Over the course of the next several months, Builders Development became indebted to Hughes Supply for more than $50,000. When the debt went unpaid, Hughes Supply sued Builders Development and Wood as guarantor of the debt. After a bench trial, the court granted judgment to Hughes Supply, finding that Builders Development and Wood are jointly and severally liable for the debt. Builders Development and Wood filed a joint appeal from that judgment, though the arguments raised on appeal relate only to Wood's liability and not to Builders Development's liability.

Citing OCGA § 10-7-22, Wood maintains his obligation was dis-

charged because Hughes Supply committed an act that increased his risk. The act with which Wood finds fault is Hughes Supply's extension of credit to Builders Development in an amount exceeding the requested $15,000 credit limit. He argues that since any change in the terms of the agreement results in the discharge of the guarantor, Hughes Supply's extension of credit beyond the amount requested in the credit application extinguished his liability. Under the facts presented here, we must disagree.

Wood is correct that under OCGA § 10-7-22, "[a]ny act of the creditor . . . which injures the surety or increases his risk or exposes him to greater liability shall discharge him." But the protections of OCGA § 10-7-22 can be waived by the guarantor's consent to the additional risk. *Underwood v. NationsBanc Real Estate Svc.*, 221 Ga. App. 351, 353 (471 SE2d 291) (1996). It is the unconsented-to change in potential risk that causes the discharge. *Cantrell v. First Tenn. Nat. Bank Assn.*, 207 Ga. App. 458, 460 (2) (428 SE2d 368) (1993). The guarantor's liability is not extinguished where the change is done with his knowledge and consent. See *South Atlanta Assoc. v. Strelzik*, 192 Ga. App. 574, 576 (2) (385 SE2d 439) (1989). Thus, he is not discharged by any act of the creditor to which he consents. *Bank of Terrell v. Webb*, 177 Ga. App. 715 (2) (341 SE2d 258) (1986). Consent can be given in advance, even at the time the guaranty is signed. *Underwood*, supra.

We hold that Wood consented to the additional risk created by the extension of credit beyond $15,000. The language of the guaranty agreement at issue here is clear, unconditional and unambiguous. It provides that "[t]he Guaranty is a condition for extending credit to Purchaser," and that the guaranty applies to "all sales made by Seller to Purchaser." It provides further that "the Guarantor['s] liability under this Guaranty shall be UNLIMITED." (Emphasis in original.) It also provides that the guaranty remains in full force and effect until the guarantor gives written notice to the seller to make no further advances on the security of the guaranty. There is no evidence that Wood notified Hughes Supply that it should make no further advances on the security of the guaranty. Given this lack of notice and the plain contract language, we find that Wood consented to take on the additional risk. See generally *Ramirez v. Golden*, 223 Ga. App. 610, 612 (478 SE2d 430) (1996).

We also point out that Wood, who was the sole shareholder of the corporation whose credit he was guaranteeing, continued to accept credit extended to the corporation on the strength of his guaranty, rather than terminating the advances, which he had the right to do. Considering this fact, it is clear that the guaranty was not limited to $15,000. See generally *Goldstein v. Ipswich Hosiery*, 104 Ga. App. 500, 505-506 (3) (122 SE2d 339) (1961). Wood consented to the change

in credit limit and has waived the protections of OCGA § 10-7-22.

We note that the cases relied upon by Wood as requiring a contrary result are distinguishable. None of those cases involved language providing that the guaranty applied to all sales between the parties, that the guarantor's liability was unlimited and that the guarantor could stop future advances by making a written request. See *Carpenter v. Cordele Elec. Supply*, 220 Ga. App. 548, 549 (1) (469 SE2d 799) (1996); *Southeastern Auto. Warehouse v. McCurdy*, 205 Ga. App. 550 (422 SE2d 574) (1992); *West Cash &c. of Savannah v. Liberty Mtg. Corp.*, 160 Ga. App. 323 (287 SE2d 320) (1983). Nor does it appear that any of those cases involved a guarantor who was the corporation's sole stockholder and sole officer continuing to take advantage of extensions of credit exceeding the amount requested in the credit application. We hold that, under these facts, Wood consented to the increase in risk. Neither Wood nor Builders Development has shown that the trial court erred in entering judgment against them.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 4, 2000.

*Mumford, Myers & Mooney, Albert A. Myers III*, for appellants.
*Pursley, Howell, Lowery & Meeks, Roy H. Meeks, Jr.*, for appellee.