## A05A2313. STATEN v. BEAULIEU GROUP, LLC.
### (628 SE2d 614)

BARNES, Judge.

Ed Staten signed a credit application and personal guarantee as managing member of Global Berbers, Inc., guaranteeing payment to Beaulieu Group, LLC, for the purchase of certain goods on an open account. Over the course of several months, Global's balance on the account amounted to over $144,000. When the debt went unpaid, Beaulieu filed the underlying complaint, contending that $144,092.93 was owed jointly and severally by Staten and Global Berbers. Staten answered, denying any indebtedness to Beaulieu. Following discovery, and upon Beaulieu's motion, the court granted the company's motion for summary judgment and entered judgment against Staten and Global for $144,092.93 plus accrued interest of $52,815, and $1,815 attorney fees. Staten asserts that the trial court erred in granting Beaulieu's motion for summary judgment because the contract's personal guarantee was unenforceable. Staten argues that a subsequent agreement between Beaulieu and Global changed the terms of the original guaranty, which operated as a novation and discharged him from the obligation to pay the debt. We do not agree; and affirm.

"It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence." (Citations and punctuation omitted.) *Dumas v. Tripps of North Carolina*, 229 Ga. App. 814 (495 SE2d 129) (1997). See also OCGA § 9-11-56 (c).

The evidence establishes that on February 7, 2002, Staten signed a credit application with personal guarantee as managing member of Global to purchase carpet or hard surface floor coverings from Beaulieu. On March 6, 2002, Staten signed a document designated only as a "Guaranty" in which as a condition of credit being extended to Global, he "irrevocable [sic], unconditionally and absolutely guarantees the payment in full to Beaulieu." And that,

> [t]his Guaranty shall be continuing, absolute and uncondi-
> tional and shall remain in full force and effect until the
> payment in full of all obligations, (i) irrespective of the
> validity or enforceability of, or of any changes, modifications
> or amendments that may from time to time be made to the
> Obligations or to any sales or credit agreement between the
> Debtor and Beaulieu. . . .

> The undersigned hereby waives diligence, presentment,
> protest, notice of dishonor, demand for payment, *notice of
> extension of time of payment*, notice of acceptance of this
> Guaranty, notice of non-payment when due of the Obliga-
> tions guaranteed hereby and indulgences and notices of
> every kind and the undersigned hereby consents to any and
> all forebearances and *extensions of time of payment* of said
> Obligations and to any and all changes in the terms, cov-
> enants and conditions thereof.

On February 3, 2003, Beaulieu entered into an agreement with
Berber to extend terms of purchases from thirty to sixty days for six
months, with the stipulation that Berber remain current on its
account. Staten argues that this extension was a change in the
original contract terms which constituted a novation, and discharged
him of any debt to Beaulieu.

It is true that "[a]ny change in the nature or terms of a contract
is called a 'novation' [and] such novation, without the consent of the
surety, discharges him." OCGA § 10-7-21; *American Surety Co. &c. v.
Garber*, 114 Ga. App. 532 (1) (151 SE2d 887) (1966).

> But the protections of OCGA § 10-7-22 can be waived by the
> guarantor's consent to the additional risk. It is the unconsented-
> to change in potential risk that causes the discharge. The
> guarantor's liability is not extinguished where the change is
> done with his knowledge and consent. Thus, he is not
> discharged by any act of the creditor to which he consents.

(Citations omitted.) *Builders Dev. Corp. v. Hughes Supply, Inc.*, 242
Ga. App. 244, 245 (529 SE2d 388) (2000).

Staten consented and agreed that his obligation to pay "shall be
continuing, absolute and unconditional and shall remain in full force
and effect until the payment in full of all obligations . . . irrespective
of the validity or enforceability of . . . any changes, modifications or
amendments." He also waived notice of any "extensions of time of
payment." "The unconditional guaranty agreement at issue here is

unambiguous, explicit, and unconditional as to its material terms." (Citation omitted.) *Ramirez v. Golden*, 223 Ga. App. 610, 611 (478 SE2d 430) (1996).

Because Staten waived in advance the protection afforded by OCGA § 10-7-21, the trial court did not err in granting summary judgment to Beaulieu.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 10, 2006.

*James E. Toland, Jr.*, for appellant.
*Minor, Bell & Neal, Jonathan Bledsoe*, for appellee.