**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 27, 2015**

# In the Court of Appeals of Georgia

A15A1298.  CARROLL  MANAGEMENT  GROUP,  LLC  v.  A CARPET & PAINT, LLC.

MILLER, Judge.

After its invoices for work at an apartment complex went unpaid, A Carpet & Paint, LLC ("A Carpet") filed a suit on account against both the complex's property manager, Carroll Management Group, LLC ("Carroll"), and the complex's owner, Hidden Village Associates, LLC ("Hidden Village"). A Carpet moved for summary judgment against Carroll, contending, inter alia, that Carroll never disclosed its agency relationship with Hidden Village and, therefore, was liable for the full amount of the unpaid invoices. The trial court granted partial summary judgment to A Carpet, finding that Carroll had a duty to disclose the existence of its agency relationship to A Carpet in order to avoid liability and Carroll failed to disclose that it was serving

as Hidden Village's agent prior to December 20, 2012, when it sent A Carpet a check listing Hidden Village as the payor.[1]

On appeal, Carroll contends that the trial court erred in granting partial summary judgment because there is a genuine issue of material fact as to whether A Carpet had actual knowledge prior to December 20, 2012 that Hidden Village owned the complex. As set forth below, well established law provides that Carroll had a duty to disclose its agency in order to avoid liability; A Carpet, on the other hand, had no affirmative duty to investigate the possibility of Carroll being an agent; and the undisputed evidence shows that Carroll did not disclose its agency status prior to December 20, 2012. Accordingly, we affirm the trial court's partial grant of summary judgment to A Carpet.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the denial or grant of summary judgment, the appellate court is to conduct a de novo review of the evidence to determine

---

[1] The trial court also found that a jury question remained as to whether the December 2012 check was sufficient to disclose the existence of Carroll's agency relationship and to relieve Carroll from liability on the account from that point on. Accordingly, the trial court denied Carroll's motion for summary judgment as to Carroll's liability for expenses that accrued after December 20, and also denied Carroll's cross-motion for summary judgment. These two rulings; however, are not before us on appeal.

whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Punctuation and footnotes omitted.) *Taylor v. Campbell*, 320 Ga. App. 362 (739 SE2d 801) (2013).

So viewed, the evidence shows that Herbert Shaw, Carroll's on-site manager, hired A Carpet to perform carpet and cleaning work at the Highland Village complex and that he set up A Carpet as a new vendor. Shaw did not recall informing A Carpet's owner, Michelle Ahn, that Carroll was merely acting as the property owner's agent, and he admitted that he never told Ahn that Hidden Village owned the property. Moreover, Ahn testified that she knew Carroll owned apartments and she believed Carroll owned Highland Village. A Carpet performed the work between August 2012 and February 2013.[2] On December 20, 2012, a check from "Hidden Village Associates" was issued to A Carpet for some of the work. When the invoices for the remaining work were not paid in full, A Carpet filed the instant suit.

---

[2] Some of the work was performed by another company owned by Ahn. That company assigned its rights to payment to A Carpet, and the assignment is not at issue in this case.

3

On appeal, Carroll contends that the trial court erred in granting summary judgment because the undisclosed agent theory does not render it liable in this case. We disagree.

> An agent who makes a contract without identifying his principal becomes personally liable on the contract. If the agent wishes to avoid personal liability, *the duty is on him to disclose his agency*, and not on the party with whom he deals to discover it.

(Citations and punctuation omitted; emphasis supplied.) *Redi-Floors, Inc. v. Sonenberg Co.*, 254 Ga. App. 615, 616 (1) (563 SE2d 505) (2002). See also OCGA § 10-6-54 ("If an agent shall fail to disclose his principal," the contracting party may settle with either the agent or the principal). "Whether or not the fact of the agency and the identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence." (Citation and punctuation omitted). *Carpenter v. Cordele Elec. Supply*, 220 Ga. App. 548, 549 (2) (469 SE2d 799) (1996).

In this case, the undisputed facts show that Carroll did not disclose its agency and the identity of the owner before Hidden Village issued its check on December 20. The trial court, however, determined that a jury could find that the issuance of the December 20 check from Hidden Village to A Carpet amounted to disclosure of

4

Carroll's status as an agent for Hidden Village. See *Carpenter*, supra, 220 Ga. App. at 549 (2) ("[A]n agent's use of corporate checks may amount to a disclosure of its corporate principal[.]").

Carroll argues that there is evidence showing Ahn was aware that a property's manager is sometimes not its owner, because Ahn was a licensed real estate agent and could search public records regarding ownership of property, and Ahn had previously litigated against property managers and owners of other complexes. These facts show, at most, that A Carpet could have determined whether Carroll is the owner of the property. A Carpet, however, did not have an affirmative duty to investigate the possibility of Carroll being an agent. See *Redi-Floors*, supra, 254 Ga. App. at 616 (1). Carroll also points to evidence that its Regional Manager told Ahn, in reference to another property, that Carroll was merely the property manager and had no financial responsibility to vendors. There is no indication, however, that the Regional Manager's conversation with Ahn occurred prior to December 20, or that the Regional Manager ever specifically discussed the ownership of the Highland Village complex with Ahn. Compare *Fletcher Emerson Mgmt. Co. v. Davis*, 134 Ga. App. 699, 701 (2) (215 SE2d 725) (1975) (agent's testimony that it was his practice to explain his agency status to new vendors constituted circumstantial evidence of

5

disclosure that was sufficient to survive summary judgment). Under these circumstances, the trial court did not err by granting partial summary judgment and holding Carroll liable for expenses that accrued prior to December 20.

Although Carroll argues that we should overrule our prior precedent imposing a duty of disclosure on the agent, and hold, instead, that a party must exercise reasonable diligence and investigate the possibility of an agency relationship when entering a contract, we decline to do so. "It is well established under the common law that, where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it[.]" (Citation and punctuation omitted.) *Dinkler Mgmt. Corp. v. Stein*, 115 Ga. App. 586, 590 (155 SE2d 442) (1967). This principle is long-standing and is consistent with OCGA § 10-6-54, which provides that an agent who "fail[s] to disclose his principal" may be held liable on a contract. Accordingly, we affirm the trial court's grant of partial summary judgment to A Carpet based on Carroll's failure to disclose its agency prior to December 20, 2012. In so holding, we note, as set forth above, that the trial court's finding that the December 20 check created a jury question with regard to expenses that accrued after that date and, thus, the trial court's denial of summary judgment to A Carpet with regard to the post-December 20 expenses are not at issue in this appeal.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur.*